C. AND J. A. SPURLOCK, Appellants, *v.* THOMAS M. ALLEN, Respondent.

1. *Revenue — Tax deeds — Notice — Recital of, what insufficient.* — The recital of a collector in a tax deed, that prior to sale of the land he gave four weeks' notice thereof in the manner required by law, is insufficient; and a tax deed which contains no further recital of the time and manner of the notice conveys no title.

The deed must state the facts relating to the manner of giving notice, and not the conclusions of the ministerial officer as to their sufficiency to constitute a legal notice. His recital that notice was given as required by law amounts to nothing; and without giving the required notice the collector had no right or authority to sell.

*Appeal from Morgan Circuit Court.*

*A. W. Anthony*, for appellants.

The recital of the deed, that notice was given in manner as required by law, is sufficient *prima facie* evidence that the law had been complied with. (Gen. Stat. 1865, ch. 13, § 112; Abbott v. Lindenbower, 42 Mo. 162.)

*Campbell & Pemberton*, for respondent.

The deed shows that there was no notice to the person of the intended application for judgment, nor does it recite any fact, matter or thing showing or intending to show that the court had jurisdiction of the subject. A tax deed, which upon its face bears evidence of a non-compliance with a substantial requisition of the law, is a nullity. (Blackw. 381, and cases there cited.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment to recover the possession of a tract of land lying in Morgan county. The plaintiff relied for title exclusively on a tax deed executed by the collector of the county on a sale of land for taxes. The court declared the deed

insufficient, and found for the defendant. A great many points have been raised by the counsel on each side, which it will be unnecessary to notice, as the recitals in the deed are deemed decisive of the question. From the deed offered in evidence it appears that the land in controversy was offered for sale to pay and satisfy the taxes thereon, and for want of bidders it was forfeited to the State. In pursuance of law the land was again exposed to sale, and the plaintiffs became the purchasers thereof.

The recitals in the deed are that the collector, on the 10th day of May, 1865, advertised the real estate for sale according to law, to pay and satisfy the taxes and penalties remaining due and unpaid on the 3d day of July, 1865, on which day judgment was rendered according to law by the County Court against the real estate for the taxes, interest and costs due thereon ; and that the County Court, on the 7th day of July, 1865, in pursuance of law, made out and delivered to the collector a precept ordering the sale of the real estate for the taxes, etc. ; and that the collector did, on the 2d day of October, 1865, expose to sale the land, and for want of bidders it was forfeited to the State. There is then a further recital that the collector, in pursuance and by authority of an act of the general assembly, exposed to sale and did sell the land for the taxes, interest and costs, on the first Monday of October, 1867, having given at least four weeks' previous notice in the manner required by law.

The act of 1864, under which the proceeding was had, provides how the notices shall be given by the collector of an intended application to have judgment entered up against the delinquent lands. The notice must be by publication in some newspaper as therein designated, or by posting no less than one printed handbill or advertisement in each municipal township in the county where the lands are situate, at least four weeks prior to the July term of the County Court. (Adj. Sess. Acts 1863–4, p. 1206, § 1 ; Wagn. Stat. 119, § 88.)

When the sale of lands forfeited to the State took place, the statute in force at the time the sale was had provided that on the first Monday in October of each year, all real estate which had been forfeited to the State, and which remained unre-

deemed at the expiration of two years, should be exposed to sale by the collector; that the collector should first give at least four weeks' public notice, by publication in a newspaper published in his county having the greatest circulation, or, if there was no newspaper published in his county, then by publication in the nearest newspaper published to said county, and by posting up at least twenty written or printed handbills, in twenty public places in the county, setting forth that all lands and town-lots forfeited to the State for taxes, and remaining unredeemed and unsold, would be, on the first Monday of October then next, offered for sale at public auction, etc. (Gen. Stat. 1865, p. 129, § 119.)

The statute, in attempting to say what shall be the effect or character of evidence that a collector's deed shall have, does not in any manner alter the rules of law that there must be necessary recitals showing that the officer has complied with the law. The requisite notice prescribed by law is the jurisdictional foundation of the authority of the County Court to act in entering up judgment against the delinquent lands.

So when the forfeited lands are ordered to be sold, the notice, in the time and manner required by the statute, is the prerequisite to the power of the officer to sell. In a recent case in this court, where the collector stated in his deed that he gave notice by posting up written handbills, when the law required that they should be printed, we held that the deed was void upon its face and conveyed no title. (Lagroue v. Rains, 48 Mo. 536.)

In this case the collector states that he gave notice in the manner provided by law. That is simply a conclusion or opinion by the officer in reference to a fact, which it is the province of a court to judge. A ministerial officer, in making a return or recital as to how he executed a power, must set out the facts and the manner in which he performed the act, and let the court determine whether they comply with or are in accordance with the law. What the collector considered to have been notice as required by law we cannot determine. But it is well settled that it is a judicial act to pass upon the question whether a service or notice has been had in conformity to law, and that the collector

was not invested with any such authority. The officer should state the facts as to how he performed his duties, and leave the conclusion of law thereon to the determination of the courts.

The recital of notice in the deed simply amounts to nothing, and without giving the required notice the collector had no right or authority to sell. I think, therefore, that the deed upon its face was wholly insufficient, and that the court was right in so deciding.

Judgment affirmed. The other judges concur.