——o——

JACOB YANKEE, Appellant, *vs.* MARY A. THOMPSON, *et al.*, Respondents.

1. *Revenue—Tax Deed—Sale, notice of, etc.*—A tax deed given by the Register of lands, which recites that the lands therein described "were advertised according to law," but contains no further recital of notice of sale, is void on its face.

2 *Quieting title—Action for—Non-suit—Final judgment.*—In an action brought under the statute to quiet title, when plaintiff is forced by the action of the Court to take a non-suit, and files the usual motion to set the same aside, the Court errs in sustaining the motion and then entering a judgment forever debarring plaintiff from claiming any rights adverse to the defendant. The form of the judgment in such proceeding, should be the same that would be appropriate in suits brought in the ordinary way. It is only when the person ordered to sue makes default, or having appeared disobeys the order of the Court to bring the action and try the title, that the Court is authorized to enter such a judgmen

*Appeal from Pettis County Circuit Court.*

*T. Wright*, for Appellant.

I. The deed offered in evidence is in the usual form, duly

recorded in the office of the Register, duly acknowledged by the Register, and duly recorded by the Recorder of Pettis. By the statute, such deed is made *prima facie* evidence of title.

II. The action of the court in refusing to permit plaintiff to take a non-suit, was clearly wrong—especially when it was done with the express view of bringing the case to this court —to try the very question decided; that is, whether the deed was void on its face. The decision of the court in declaring the deed void, was such as necessarily precluded the plaintiff from recovering. (Hageman vs. Moreland, 33 Mo., 86.)

III. The fact that the action was brought in furtherance of the action of the court, under the section for quieting titles, cannot take away this right—which is a common law as well as a statutory right. This is not a case in which the Court may make an order that plaintiff shall be forever barred and procluded from bringing another suit. That can only be done where plaintiff being summoned makes default, or having appeared shall disobey the lawful order of the court to bring an action to try the title.

IV. Plaintiff when summoned promptly appeared and immediately brought his action to try the title—and in trying his title, he is entitled to the same rights as if he had brought his suit without being required to do so.

*Phillips and Vest*, for Respondent.

I. The case being under the statute to quiet title the plaintiff could not take a non-suit; this would defeat the very object of the statute. Instead of quieting the title, this practice if allowed, would result in one non-suit after another, at the pleasure of the parties plaintiff, and no end to litigation would be attained.

II. The record is badly made, but it is evident that the Circuit Court intended by its last judgment, to set aside the first judgment entering the judgment of non-suit. Such is the effect of the last entry, and every intendment will be made by this court in favor of the action of the Circuit Court. The judgment is for the right party, and if reversed on account of

the irregularities made in entering up the judgment, it would only result in the case being brought back for adjudication upon the same point now presented. (32 Mo., 366; 34 Mo., 338; 36 Mo., 143; especially, 29 Mo., 451.)

III. The deed is void on its face because it does not show that the land described therein was advertised for sale by the Register of Lands, in the manner which the statute required. The deed states that the Register advertised the land in the manner required by law, but this was only his opinion. The deed should show how it was advertised. Abbott vs. Doling, 49 Mo., 302; Large vs. Fisher, 49 Mo., 307.

EWING, Judge, delivered the opinion of the Court.

This action was instituted in the Circuit Court of Pettis County, pursuant to an order of said Court made under Section 53, Article 5 of the practice act relating to the quieting of titles. It is an action of ejectment. The answer is a general denial.

The plaintiff offered in evidence a Tax Deed for the lands in controversy, from Jared E. Smith, Register of Lands, dated November 22nd, 1865, duly acknowledged and recorded, by which the lands appear to have been sold in October, 1863 for the taxes due for 1861. Defendant objected to the reading of this deed on the ground that it is void on its face. The objection was sustained and the Deed excluded; whereupon plaintiff took a non-suit with leave to set it aside. The motion to set aside the non-suit and for a new trial having been overruled, the usual judgment was entered. Plaintiff thereupon tendered his bill of exceptions, which was signed and filed, and also an affidavit for an appeal. The record shows that some days subsequently, the motion to set aside the non-suit was re-considered and sustained, and at the same time a full judgment entered, that plaintiff be forever debarred from having or claiming any right or title adverse to the petitioner and those claiming under him. Plaintiff filed motions for a new trial and in arrest of judgment, which were overruled and exceptions duly saved. The cause is here by appeal.

The Act of March 27th, 1861, under which the deed was executed, provides, that the Register of Lands shall execute good and sufficient deeds of conveyance to all persons entitled thereto, conveying the lands or town lots in such deeds, (Section 34, Acts 1860-1, p. 85.) It is further provided, that such deed so executed and recorded shall, without any further notice be received in evidence in all Courts in which the title to any land or town lot purporting to be conveyed by the same shall be brought in question, and such deeds shall be received as *prima facie* evidence of title in fee simple in the purchaser; and the burden of proving that the title is not in the person holding under the deed, shall be upon those claiming adversely to such deed; and it is further provided that the Register of Lands shall be satisfied upon due examination that all the requirements of the law have been complied with before he executes a deed.

In regard to notice of sale it is provided, that on the first Monday in June annually, next succeeding the returns to be made by the Collector, which he is required to make immediately after the third Monday in November—the Register of Lands shall cause the lands and town lots remaining in his office, on the Delinquent Lists of the preceding year, on which taxes and interest have not been paid, and that may have been bought in or forfeited to the State, to be advertised for sale on the first Monday in October next thereafter, at the place of holding Courts in the respective Counties. The law then proceeds to point out specifically *how* the notice shall be given. (See Sess. Acts 1860-1, §§ 7, 8, 9, p. 81.)

It is but re-affirming well established principles, which have had the sanction of the Courts without exception, to say that the Register of Lands having no general authority to sell lands at his discretion, for the non-payment of taxes; but a special power to sell in particular cases, pointed out specifically in the Statute, these cases must exist or the power does not arise ; that the proceeding being by special Act in derogation of common right, the statute itself must be strictly construed against the power ; that the proceeding being *ex parte*

and under special authority, nothing can be presumed in favor of the Act, but every requisite of the law must be shown to have been strictly complied with ; if the power to sell did not exist the sale of course would be void.

This power only arises on the performance of certain acts specifically pointed out in the law. The omission to give any notice at all, would of course vitiate the sale. Can we give, to the mere recitals in the deed that notice had been given according to law, any effect as evidence of title ? The mere assertion of the Register that he had performed his duty, in this respect, can scarcely raise the deed to the dignity of furnishing even *prima facie* evidence of title. The Courts, when the deed is offered in support of title, are to determine its legal effect, and whether it is evidence for any purpose. If the judgment or conclusion of the Register is all that is required, there is nothing for the Courts to pass upon, except the mere formal execution and authentication of the instrument. To have any effect as evidence, it must appear *prima facie* from the recitals in the deed, that he had the power to sell and convey. The Court can only judge of this from the recitals of the steps taken, and things done, which confer the power. When these are shown, the Court applies the law to them, and if it appear from the face of the deed—whatever the facts may be—that the several requirements of the law have been complied with, then the deed is received as furnishing sufficient evidence—until the contrary appears—of title in the party relying upon it. If this is not the proper construction of the law, then the court is to presume against all the principles of law, applicable to such sales, that the law has been complied with, and that the officers have performed their duties. (Reed vs. Morton, 9 Mo., 878 ; Morton vs. Reed, 6 Mo., 64.)

I am not aware that the precise question of the legal effect of a Register's Deed like that under consideration, has ever been decided by this Court. But in the numerous cases where sales of this character have been passed upon by this Court, the decisions are uniform in holding, that no presumption can be indulged in favor of their regularity, but that the law

must be strictly complied with, and that the pre-requisites to authorize a deed to be made, must be shown, or it will be void. (Reed vs. Morton, 9 Mo., 878 ; Donahue vs. Veal, 19 Mo., 331 ; Keene vs. Barnes, 29 Mo., 377 ; Stierlin vs. Daly, *et al.*, 37 Mo., 483.)

If one or more of the essential requirements of the law may be omitted in the deed, why not all of them be omitted? If it be unnecessary to state how notice was given of sale, why is it material to recite the time or place of the sale, or that several tracts of land or lots described in the deed were sold separately, and at a certain price for each tract, or in what manner the collector conducted the sale, or that the land was assessed in the name of a particular person?

All of these particulars, except the first, are recited in this deed, and yet that which is most essential, that on which arises the *power* to sell and convey is omitted. Upon such a theory the most compendious instrument that could be framed, if it only set forth the facts of a sale, the price, a description of the property, and name of the purchaser, would be "a good and sufficient deed" and *prima facie* evidence of title in fee simple.

In an early case, (Morton vs. Reed, 6 Mo., 63,) a similar question arose as to the effect of the Auditor's certificate. By the law then in force, 1826-7, the certificate of the Auditor as to certain requirements of the law, regarding the advertisement of the lands for sale for taxes, was made *prima facie* evidence of the facts contained in such certificate, whenever a sale made under such advertisement should come in question.

The certificate in that case as in this, simply stated the conclusion of the Auditor, that he had made the advertisement according to law. The Court held that the certificate proved nothing, for the reason that the facts were not set out in detail ; see same case, 9 Mo., 379. In a late case, Lagroue vs. Rains, 48 Mo., 536, a tax deed of the County Collector was held void on its face, for the reasons that the Collector gave notice of an intended application to have judgment entered up against the delinquent land, by written instead of printed advertisements. By the Act under which the deed was execut-

ed, (Laws Mo. Adj. Session 1863, 1864, § 22, p. 89,) deeds executed by the Collector were made conclusive that every act and thing required to be done by said act had been complied with—permitting, however, the party controverting the deed and the title thereby conveyed, to show that the land was not subject to taxation ; that the taxes had been paid, or that the land had been redeemed before the execution of the deed. The same question was before this Court in the still more recent cases of Spurlock vs. Allen, 49 Mo., 178; and Abbott vs. Doling, Id., 302, which re-affirmed the principles of the previous case of Lagroue vs. Rains, and held the deeds void on their face, because they did not set out the facts showing affirmatively that the required notice of the sale had been given.

Such must be the deduction from the proposition, that the power to sell does not attach or is not brought into existence until the notice, in the mode prescribed by law, has been given. The same rule it is conceded applies with equal force to the Register of Lands and Collectors, while acting in the same capacity. It is true the Register did not make the sale in person, and may not be presumed to have personal knowledge of all that is done by other officers who have certain duties to perform under that branch of the Revenue law. But he must, in the language of the law, be satisfied upon due examination, that all the requirements of the law have been complied with before he executes a deed. If he can certify that notice was given according to law, as he has done in this instrument, he is presumed to have based this recital upon facts which it was his duty as an officer to know. And if he is able to state his conclusion from such facts, he can state the facts from which the conclusion is drawn.

I am of opinion that the deed is void, for the reason that it does not show affirmatively by a proper recital of facts, that the land described therein was advertised for sale, in the manner required by law.

The Court erred in sustaining the motion to set aside the nonsuit after it had been passed upon and overruled, and in enter-

ing judgment, that plaintiff be forever debarred and estopped from having or claiming any right or title adverse to the petitioner.

This action of the Court was the result of a misconception of the law in regard to plaintiff's right to take a non-suit.

We are unable to perceive any reason why the ordinary rule of practice in this respect, should not apply as well to cases like this as to suits brought in the usual manner. The action of the Court in excluding the Register's deed was such as to preclude a recovery, and the plaintiff was therefore driven to a non-suit.

The last judgment entered by the Court after setting aside the non-suit, was erroneous. Where the suit is brought pursuant to an order of the Court and a trial is had, the form of the judgment should be the same that would be appropriate in suits brought in the ordinary way. It is only where the person ordered to sue makes default or, having appeared, disobeys the order of the Court to bring an action and try the title, that the Court is authorized to enter such a judgment as was rendered in this case.

The judgment of the Circuit Court is reversed, and the judgment entered on the non-suit is affirmed. The respondents paying the costs of this appeal, and the appellants the costs in the Circuit Court. The other Judges concur.