Douglass v. Wilson.

JOHN C. DOUGLASS, *et al.*, V. JAMES P. WILSON.

31 565
d72 576

31 565
f77 452

31 565
81 294
82 107
f82 215

1. TAX DEED, *When Void on Face.* Where a tax deed is executed under the provisions of chapter 43 of the Laws of 1879, in connection with the general tax laws, for an amount less than the taxes, penalties and costs due on the land, and it does not appear upon the face of the deed that no person offered to pay the whole amount of such taxes, penalties, and costs, and it does not appear that the county commissioners authorized the treasurer of the county to receive a less amount than the amount of such taxes, etc., and it does not appear that the county treasurer did in fact execute the tax sale certificate in pursuance of authority given by the county commissioners, *held,* that such tax deed is void upon its face.

2. TAX DEED, *When Valid.* Where a tax deed is executed under the provisions of chapter 43 of the Laws of 1879, in connection with the general tax laws, and it appears upon the face of the deed that such laws were strictly complied with, *held,* that the tax deed is valid, although it may also appear that the authority given by the county commissioners to the county treasurer to execute, and to the county clerk to assign a tax-sale certificate, was an authority to so execute and assign the tax-sale certificate at some future time, and to any individual who might choose to obtain such a tax-sale certificate.

3. ———— And in such a case, where the authority to execute and assign the tax-sale certificate is given by the county commissioners on July 8, 1879, and the certificate is not executed and assigned until September 6, 1879, and includes the taxes of 1874, 1875, 1876, and 1878, on a tax sale made to the county in 1875, and the tax deed is executed upon such tax-sale certificate, *held,* that none of these things renders the tax deed void.

*Error from Jefferson District Court.*

ACTION by *Wilson* against *Douglass* and another, to recover the possession of certain land situate in Jefferson county. Trial by the court at the October Term, 1882, and findings and judgment for plaintiff. The defendants bring the case to this court. The facts appear in the opinion.

*John C. Douglass,* for plaintiffs in error.
*Keeler & Gephart,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by James P. Wilson against John C. Douglass

and others, to recover the southwest quarter of section 15, township 9, range 17, in Jefferson county, Kansas. The plaintiff's title was founded upon two tax deeds executed by the county clerk of Jefferson county, Kansas, to Isabel Insley, and a quitclaim deed executed by her to the plaintiff, James P. Wilson. What the defendants' title was, or whether they had any title or not, is not shown. The case was tried before the court without a jury, and the court made the following findings and conclusions of fact and of law, to wit:

### "CONCLUSIONS OF FACT.

"1. On March 11, 1880, the county clerk of Jefferson county, Kansas, executed and delivered to Isabel Insley a tax deed for the premises in controversy, in pursuance of a sale of said premises made by the treasurer of said county on September 8, 1875, for the taxes of 1874, amounting to $22.07, to which were added the taxes for 1875, 1876, and 1878, amounting to $82.02, the whole consideration mentioned in said deed being $78.07, paid by F. M. Johnson to the treasurer of said county on September 6, 1879, the said F. M. Johnson on January 6, 1880, for a valuable consideration, having duly assigned to said Isabel Insley all his interest in the certificate of sale of said premises made by the treasurer of said county September 8, 1875, and the said certificate having been issued by the treasurer of said county to said county, and on the same day assigned by the clerk of said county to said F. M. Johnson. The said deed upon its face purports to have been made by the clerk of said county to said Isabel Insley, for the consideration of $88.68, while the amount properly chargeable to said lands for taxes, penalties, costs and interest was $104.09; and there is no recital in said deed that no person offered to pay the whole amount properly chargeable to said land for taxes, etc., or that the board of county commissioners of said county authorized the treasurer of said county to receive a less amount than all that was due thereon and issue a certificate of sale therefor.

"2. On August 17, 1880, the clerk of said county issued and delivered to said Isabel Insley, the assignee of said F. M. Johnson, another deed, of date August 17, 1880, for the same lands and upon the same sale above mentioned, which deed was in due form, containing all the recitals necessary to a good and sufficient deed for the premises in controversy,

and in every way regular and formal as a tax deed upon the sale above mentioned.

"3. The plaintiff is the grantee of the said Isabel Insley, by deed in due form, and is the owner of the premises in controversy.

"4. The deed above mentioned, of March 11, 1880, was duly recorded in the proper office upon the 11th day of March, 1880, and the deed of August 17, 1880, above mentioned, was duly recorded in the proper office on August 17, 1880. This suit was commenced March 27, 1882."

## "CONCLUSIONS OF LAW.

"1. The deed of March 11, 1880, is void upon its face, and did not start to running the two-years statute of limitations, because it did not state all the facts necessary to a valid deed under the general tax law taken in connection with chapter 43 of the Laws of 1879.

"2. The deed of August 17, 1880, is valid, because it recites all the requirements of the general tax law and of the act of 1879, and evidences a complete title in the plaintiff's grantor.

"3. Judgment should be rendered for the plaintiff for the possession of the lands in controversy, and for the costs of this suit."

Judgment was rendered in accordance with these findings and conclusions; and the defendants, John C. Douglass and J. A. Goodman, as plaintiffs in error, now bring the case to this court, and ask for a reversal of such judgment. The plaintiffs in error make several points in their brief, and in their oral argument; but as we seldom notice points made in the oral argument which are not also made in the brief, we shall confine ourselves principally to the brief. That the first tax deed was void, we suppose there can be but little doubt. It purports to have been executed under chapter 43 of the Laws of 1879, in connection with the general tax laws. Now in order that a tax deed executed under said chapter 43 shall be valid, it is necessary that the following facts among others, shall exist: the land must not only remain in the hands of the county *unredeemed* for at least three years after the date of the sale before any authority can be given by the county

commissioners to the county treasurer to execute, or to the county clerk to assign a tax-sale certificate, for a sum less than the legal taxes and interest due thereon, but (1) the land must so remain in the hands of the county *without any person offering to purchase the same for the full amount of the taxes, penalties and costs due thereon;* and (2) such authority must be given by the county commissioners to *the county treasurer to execute,* as well as to the county clerk to assign, the tax-sale certificate; and (3) the county treasurer must in fact *execute the tax-sale certificate in pursuance of such authority.* None of these things is sufficiently shown or stated in the tax deed. Hence we think the first tax deed is void upon its face.

We perceive no good reason why the second tax deed should not be held to be valid. It appears to be valid upon its face, and no evidence was introduced tending to show that it is not valid. It was executed for the taxes of 1874, 1875, 1876, and 1878, upon a tax sale made to Jefferson county in 1875, and appears to be in due form. The consideration for the deed seems to have been $78.07; while the taxes, penalties, interest and costs due upon the land seem to have been over $100; but just such a thing as this is authorized by said chapter 43 of the Laws of 1879. It appears that the county commissioners of Jefferson county, on July 8, 1879, authorized the county treasurer to execute and the county clerk to assign a tax-sale certificate for the land in controversy; that on September 6, 1879, the county treasurer did execute and the county clerk did assign such a tax-sale certificate; and that such tax-sale certificate is the one upon which the present tax deed was executed. The plaintiffs in error now claim that the tax deed is void, for the reason that the county commissioners did not order the tax-sale certificate to be executed and assigned immediately and to some particular individual, but authorized the tax-sale certificate to be executed and assigned at some future and indefinite time, and to any individual who might choose to obtain such a tax-sale certificate. Now we do not think that this indefiniteness on the part of

the county commissioners in making their order renders any of these proceedings void in this particular case. It would seem that the county commissioners fixed definitely the amount for which the tax-sale certificate was to be executed and assigned, and left only the time when, and the person to whom, the same should be executed and assigned indefinite; and these things were made definite and certain by the county treasurer and county clerk within less than two months, and prior to the next regular meeting of the board of county commissioners. We think the proceedings were sufficiently definite and certain and sufficiently regular, and that although nearly two months elapsed after the county commissioners made their order before the tax-sale certificate was in fact executed and assigned, yet we think the execution and assignment thereof were valid. And it can make no difference, as we think, whether the taxes of 1878 were ever entered on the book of tax sales, or not. They had been due and delinquent for a long time when the county commissioners made their order, and even when said chapter 43 of the Laws of 1879 was passed, and were evidently intended to be included in the county commissioners' order authorizing the execution and assignment of said tax-sale certificate.

We think the second tax deed is valid, and the judgment of the court below will therefore be affirmed.

All the Justices concurring.