CHARLES N. DUNCAN v. KATE GILLETTE.

TAX DEED, *Void on Face.* A tax deed executed in pursuance of chapter 196 of the Laws of 1872, which fails to recite that the prescribed notice had been given that payment had been made by the purchaser of the price bid for the land, that the treasurer had made to the purchaser a certificate of the sale, and that such certificate had been presented to the county clerk for the purpose of obtaining a deed, is void upon its face, notwithstanding that it recites the conclusion that the sale had been begun and held in conformity with the provisions of the act.

*Error from Shawnee Superior Court.*

ACTION in the nature of ejectment, brought by *Kate Gillette* against *Charles N. Duncan,* to recover possession of the southwest quarter of the southeast quarter of section twenty-eight, in township twelve, range fifteen, in which the plaintiff alleged that she was the owner in fee of the premises and entitled to their possession, and that the defendant unlawfully kept her out of it; which averments were denied in the answer of the defendant. On January 4, 1886, the cause came on for a second trial in the superior court without a jury, and upon the trial it was stipulated and agreed by the parties that the plaintiff was the owner in fee and entitled to recover, unless a certain tax deed was valid on its face; and that if said tax deed was good upon its face, the defendant was entitled to recover. The following is a copy of the tax deed:

"Know all men by these presents, that whereas, the following-described real property, viz., the southwest quarter of the southeast quarter of section 28, township 12, range 15 east, situated in the county of Shawnee and state of Kansas, was subject to taxation for the year 1868; and whereas, the taxes assessed upon said real property for the year 1868 remained due and unpaid at the date of the first sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 6th day of May, 1869, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Tuesday of May, 1869, expose to public sale at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, for the payment of taxes, interest and costs then due and unpaid on said property; and whereas, at the time and place aforesaid, the real property above described could not be sold for the amount of said taxes, penalties and charges thereon, to any person or persons, in any parcel or parcels, at said public sale or any adjourned sale thereof, the lands above described were bid off by H. T. Beman, county treasurer of Shawnee county, state of Kansas, for the sum of three dollars and fifty-nine cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said real property, for said county of Shawnee; and whereas, the said real property re-

mained unredeemed for the term of five years next preceding the sale next hereinafter mentioned, and no person having offered to redeem or purchase the same for the taxes, costs and penalties due thereon, the treasurer of said county of Shawnee did, on the 7th day of May, 1875, at the sale begun and publicly held on the 7th day of May, 1875, at the front door of the court house of said county, at the county seat of said county, in conformity with all the provisions of an act entitled 'An act to provide for the sale of lands for taxes due and unpaid thereon,' approved February 27th, 1872, sell said real property at public auction to J. B. Webber, for the sum of two and $\frac{25}{100}$ dollars, the said J. B. Webber being the highest bidder for cash for said real estate at said sale:

"Now, therefore, I, P. I. Bonebrake, county clerk of the county aforesaid, for and in consideration of the sum of two dollars and twenty-five cents to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said J. B. Webber, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said J. B. Webber, his heirs and assigns forever; subject, however, to all rights of redemption provided by law.

"In witness whereof, I, P. I. Bonebrake, county clerk as aforesaid, by virtue of the authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county, on this 26th day of May, 1875.

P. I. BONEBRAKE, *County Clerk.*

GEO. B. HOLMES, } *Witnesses.*"
R. H. WATERMAN, }

[Here follows the acknowledgment.]

The foregoing tax deed was all the evidence offered by either party, and thereupon the court found that the tax deed was void upon its face. The defendant moved to vacate and set aside this finding, and also for a new trial. These motions were overruled, and judgment entered in favor of the plaintiff. The defendant brings the case to this court.

*H. H. Harris,* for plaintiff in error.

*A. Bergen,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The decision of this case depends upon the validity of a tax deed executed on May 26, 1875, by P. I. Bonebrake, who was then county clerk of Shawnee county, to J. B. Webber, who subsequently conveyed the land to the plaintiff in error. According to the stipulation of the parties, the plaintiff in error is entitled to recover, unless the tax deed is void on its face, in which event the judgment should be in favor of the defendant in error, who claims title under the original patentee of the land. The tax deed purports to have been issued under chapter 196 of the Laws of 1872, which provides that where lands or town lots that have been sold for any taxes due thereon are bid in by the county, and have remained unredeemed for five years after such sale without anyone offering to purchase the same for the taxes, penalties and costs, it becomes the duty of the county treasurer to sell such lands or town lots at public auction to the highest bidder for cash. A prerequisite to the sale is stated in § 1 of this act, where it is said that the treasurer may sell —

"After having first given at least four weeks' notice of such sale and of the property to be sold, with a statement of the taxes, penalties and costs due on such lands or town lots up to the date of such sale, in some newspaper of general circulation in such county, or if there be no such newspaper in such county, then by written or printed handbills put up in one or more public places in each township in such county."

In § 2 authority is given for the making of the tax deed, and some of the acts precedent to its execution are stated as follows:

"On payment by the purchaser of the price bid for any such land or lot, the treasurer shall make to such purchaser a certificate in writing of such sale, on presentation of which to the clerk of the county commissioners of such county it shall be the duty of such clerk to execute to such purchaser a deed under the seal of said county, conveying such land or lot to such purchaser," etc.

The validity of the deed before us is challenged because it

fails to show that the required notice was given, that the payment was made by the purchaser of the price bid for such land, that the certificate in writing of such sale by the treasurer had been made to the purchaser, and the presentation of the certificate to the county clerk of the county in which the land is situate. We regard these omissions to be fatal to the tax deed. It should show upon its face that the requirements of the statute had been substantially complied with. No sale could be made until the statutory notice had been given. The county clerk had no authority to execute a deed until payment had been made by the purchaser of the amount of his bid, nor until the treasurer had made a certificate to the purchaser of such sale and payment; and not then until the certificate had been presented to him for that purpose.

Tax deed, void on face.

*Douglass v. Wilson*, 31 Kas. 565, is quite analogous to the present case. It arose under chapter 43 of the Laws of 1879, which was enacted for substantially the same purpose as the act of 1872. It was there provided that where lands or town lots have been sold for taxes and bought in by the county, and shall be unredeemed for three years from the date of the sale, and no person shall offer to purchase the lands or lots for the taxes, penalties, and costs due thereon, that the county commissioners of the county where the lands or lots are located may permit the owner, his agent or attorney, to redeem the same, or may authorize the county treasurer to execute and the county clerk to assign tax-sale certificates for such lands or town lots, for any sum less than the legal tax and interest thereon, as in their judgment shall be for the best interest of the county. The court held that in order that a tax deed executed under that law shall be valid, the lands or lots sold must have remained in the hands of the county *unredeemed* for at least three years after the date of the sale, before any authority can be given by the county commissioners to the county treasurer to execute, or to the county clerk to assign a tax-sale certificate; and also held that a deed which failed to show that no person offered to pay the whole amount

of such taxes, penalties, and costs, and that the county commissioners had authorized the county treasurer to receive a less amount than the amount of the taxes, penalties, and costs, and that the county commissioners had authorized the county treasurer to execute and the county clerk to assign the tax-sale certificate, and that the same was done in pursuance of such authority, is void upon its face.  The omitted recitals thus held to be fatal to that deed, are no more important or essential than those which are lacking in the present one, and therefore that decision practically disposes of this case.

The plaintiff in error claims that the defects in the deed are remedied by the general recital therein, that the sale was begun and publicly held in conformity with the provisions of the act of 1872.  It is to be observed that this recital refers only to the commencement and holding of the sale, and has no reference to the necessary steps to be taken before and after the sale.  Nor does it state that the sale itself conformed to the requirement of the statute.  However, if it were applicable to all the acts and proceedings of the officers, we think it would still be insufficient to accomplish the purpose claimed for it.  The officer exercised a naked statutory power, and he should recite in the deed all facts essential to the sale and conveyance of the land.  It is not enough for the officer to state his mere conclusion that he has complied with the law in exercising the power conferred by the statute.  The deed should state facts, and not opinions, and should recite all prerequisite facts, leaving to the proper tribunal the determination as to whether those facts show a sufficient compliance with the law. We must hold the deed to be void upon its face; and in support of our conclusion we refer to the well-considered opinion of the judge of the superior court in delivering the judgment in the case. (3 Kas. Law Journal, 56.  See also *Spurlock v. Allen*, 49 Mo. 178; *Abbott v. Doling*, 49 id. 302; *Large v. Fisher*, 49 id. 307; Cooley on Taxation, 353.)

The judgment of the superior court will be affirmed.

All the Justices concurring.