WILLIAM EINSTEIN, Appellant, *v.* EDWARD J. GAY *et al.,* Respondents.

1. *Land and land titles — Tax collector's deed — Title of State of Missouri — Of former purchaser — What title conveyed.* — A tax collector's deed which purports to convey to the purchaser "all the right, title, and estate" of the State of Missouri in and to the premises, and does not purport to convey anything more, can pass no title to the purchaser.

*Appeal from St. Louis Circuit Court.*

*Hill & Jewett,* for appellant.

*Glover & Shepley,* for respondents.

CURRIER, Judge, delivered the opinion of the court.

This is an action of ejectment. The plaintiff claims under a tax collector's deed. The court below held the title bad, and rendered judgment accordingly. The plaintiff brings the case here by appeal.

In disposing of this cause, we do not feel called upon to indulge in any general discussion of the subject of tax titles, or to go into an examination of the points raised upon the various acts and proceedings antecedent to the execution and delivery of the deed upon which the plaintiff relies as evidence of his title. The defectiveness of this deed relieves us of that duty. It pur-' ports to convey to the plaintiff "all the right, title, and estate" of the State of Missouri, of, in, and to "the premises in question;" and it purports to convey nothing other, different, or more. But the State had no title—nothing but a tax lien. This is admitted, and the case shows the fact to be so. Therefore, no

title passed by the deed. This is the necessary conclusion, unless construction is employed to give the deed an effect beyond the broadest scope of its terms, thereby making it effectual to convey the title of Bennett, the tax debtor, when it purports to convey merely the title of the State. We are referred to no precedent countenancing such a proceeding in this class of cases, and we are not inclined to make one.

The authority of the decision in the Bank of Utica v. Mersereau, 3 Barb. Ch. 577, does not meet the exigency of the present case. The objection to the deed there was that it was not executed in the name of the people of the State, according to the direction of the statute, which had long been in force. The objection was overruled on the ground that, although the deed was informal, it nevertheless had the sanction of long usage and great names — that custom had interpreted the statute, and that "thousands of titles" were dependent on 'conveyances executed in the same form. The intimation of the court is that but for these considerations the deed was subject to the objection taken. There are no such considerations to urge here; besides, there is no parallel between the two cases. The question here is, not as to the sufficiency of the deed in its formal parts, but whether it shall be construed as operative to convey a title which, by its terms of description and designation, it does not purport to convey.

But it is urged that, in virtue of the provision of the statute (Adj. Sess. Act, 1863–4, p. 89, § 21), the deed conveyed the "title to the land therein described" without reference to the question of previous ownership, or the regularity of the antecedent proceedings, and independent of the title therein expressed to be conveyed. The statute has no such sweeping operation. It has already been held, in Abbott v. Lindenbower, 42 Mo. 162, that the collector's deed conveyed nothing whatever unless the property it assumed to convey had previously been legally assessed, etc. ; that the deed did not necessarily pass the title. The prior conditions being complied with, the statute (section 21, p. 89) declares what shall be the effect of an appropriate deed. No form being prescribed, the form must be adjusted to the facts

of the case. The deed must be so drawn and shaped as to constitute an instrument which, by the "rules of the common law, would be sufficient to transfer the title of the former owner and vest the estate in the purchaser." (Blackw. Tax Titles, 435, and cases cited.) The statute is not pertinent to the present inquiry. We are not inquiring into the effect of an appropriate deed. The question here is this : is this deed, as a common-law conveyance, by force of the terms employed, sufficient to transfer the title of the "former owner" and vest it in the plaintiff? It does not purport to do that, and, as already intimated, we are not prepared to hold that a tax deed is good for more than is apparent upon its face, thereby making it operative to convey one title, when, upon its face and by its terms, it assumes to convey another and a different title.

The judgment must therefore be affirmed. The other judges concur.