CHARLES A. LAGROUE *et al.*, Appellants, *v.* JOHN RAINS *et al.*, Respondents.

1. *Revenue — Tax deed — Printed notice of sale of delinquent lands required, when — Construction of statute.* — The putting up of written instead of printed notices of the sale of land for non-payment of taxes is not a sufficient compliance with the first clause of section 2, page 85, Adj. Sess. Acts 1863; and a tax deed which recites simply the posting of written advertisements is void and conveys no title. Advertisement in the time and manner prescribed by law is a prerequisite to the validity of a tax title, and this principle is not altered because judgment is required by law to be entered up in the County Court. The notice is the indispensable prerequisite, and without it the court has no jurisdiction in the premises.

*Appeal from Schuyler Circuit Court.*

*A. J. Baker*, for appellants.

The posting of written handbills was insufficient. (Abbott v. Lindenbower, 42 Mo. 162 ; Blackw. Tax Tit. 215 ; Williams v. Payton, 4 Wheat. 79 ; Barker v. Rule's Lessee, 9 Cranch, 64 ; Garnett v. Wiggins, 1 Scam. 337; Fitch *et al.* v. Pickard *et al.*, 4 Scam. 69 ; Pope & Hammer v. Hayden, 5 Ala., N. S., 433 ; Scales v. Alvis, 12 Ala. 617; Hughey v. Horrell *et al.*, 2 Ham. 231 ; Mills v. Walker, 4 Mich. 641 ; Styles v. Weir *et al.*, 26 Miss. 189 ; Brown v. Veazie, 25 Me. 359 ; Curlew v. Hayden, 1 Verm. 359 ; Young v. Martin, 2 Yeats, 312 ; Porter v. Whitney, 1 Greenl. 306 ; Pierce v. Sweester, 2 Carter, 649 ; Tidd v. Smith, 3 N. W. 178.) The deed, showing as it does that the notice required by law has not been given, is void upon its face. (Moore v. Browne *et al.*, 4 McLean, 211 ; Farrar v. Eastman, 10 Me. 191.)

*McGoldrick & Haywood*, with *Noble & Hunter*, for respondents.

The terms of the proviso in section 2, p. 85, Adj. Sess. Acts 1863, do not require a " printed notice." Nor is a printed notice more requisite than a printed list, which is the essence of the notice and might be printed.

The Legislature evidently intended to provide for a written notice when a printed one was impracticable, as was the case in many counties during 1864. As to a title acquired by purchase at tax sale and its effects, see Stewart v. Parish, 6 Ohio, 474; Wallace v. Seymour, 7 Ohio, 156; Renick v. Wallace, 8 Ohio, 539; Douglas v. Dangerfield, 14 Ohio, 522; Milliken v. Sterling, 16 Ohio, 61; Gwynne v. Niswanger, 15 Ohio, 366; Abbott v. Lindenbower, 46 Mo. 291.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs brought their action in ejectment to recover the possession of certain lands lying in Schuyler county, and adduced a regular chain of title from the general government.

The defendants derived title and relied exclusively on a tax deed made by the county collector, on a sale of the land for delinquent taxes. On the trial no declarations of law or instructions were asked or given, and consequently there is nothing preserved in the record that we can review, except an objection made to the ruling of the court in admitting evidence. The court permitted the introduction and reading in evidence of the tax deed, against the objection of the plaintiffs, and this is the only error that we can notice. The only recital of any advertisement in the deed is that the collector proceeded by posting, in the most public place in each municipal township, one *written* notice containing a list of the land and the amount of taxes due and unpaid thereon, and for what years, etc.

The revenue law under which this land was attempted to be sold provides that " it shall be the duty of the collector to publish an advertisement in some newspaper published in his county having the greatest circulation, if any such paper there be; and if there be no such paper published in his county, then in the nearest newspaper in this State having the greatest circulation, which advertisement shall be once published, or, if so ordered by the County Court, by posting no less than one *printed* handbill or advertisement in each municipal township in the county where the lands are situate." There is then an alternative provision, " that if, for any cause, the collector shall be unable to make the adver-

tisement and notice aforesaid, such list may be published by one printed or written list, together with the notice above required, posted up at the door of the court-house in said county," etc. (Adj. Sess. Acts 1863, p. 85, § 2.)

There is no pretense that an exigency arose which authorized the collector to act, or that he attempted to act under this latter clause. It is not shown that he posted up any notice at all at the court-house door. But the fact plainly appears from the recital, and is admitted and undisputed, that the advertisement was made in pursuance of the provision which empowered the collector to give the requisite notice by posting up handbills in a public place in each municipal township. The question presented for our decision, then, is whether the putting up of written notices was a sufficient compliance with the law.

The proposition may be laid down as undoubted, that the advertisement, in the time and manner prescribed by law, is prerequisite to the validity of a tax title; and this principle is not altered by the provision in our law requiring judgment to be entered up in the County Court. Before the adoption of the present law, the officer derived his power to sell, in part, from the advertisement. Now the court obtains its authority to proceed, in part, from the same source. Power is conferred upon the court, to be exercised on certain defined and limited contingencies; and these contingencies must have happened, and the conditions on which it can act must have been performed, before its act can be valid. Its authority does not attach until the law has been pursued and complied with. The notice is the indispensable prerequisite, and without it the court has no jurisdiction in the premises. As the proceeding is *ex parte* and founded upon constructive notice, a strict compliance with the law by which the court acquires jurisdiction is necessary. When the law prescribes a particular or specific manner for making advertisements or giving notices, no court or officer has a right to substitute another or a different mode. The law required that the handbill set up should be printed. Here the requirement was wholly disregarded, and written handbills were substituted.

There are doubtless good and sufficient reasons why the notices

should be printed. Some persons can read printing who cannot read writing. Printed notices are calculated to attract more attention, impart a more general information, and give greater facility for examining into what land is to be sold or has become delinquent. Everything that has a tendency to inform the community and promote competition in these sales is essential.

But, without giving reasons, it is sufficient for us to know that the law absolutely demanded that the handbills posted up should be printed, and that the officers disregarded and disobeyed its express mandates. If they could make one kind of substitution they could another, and no person could ever know how or where to look for the protection of his rights.

The court erred in admitting the deed in evidence. Upon its face it showed that the law had not been complied with, and that it was void and conveyed no title. For this error the judgment will be reversed and the cause remanded. The other judges concur.