JOEL ABBOTT, Appellant, *v.* J. M. DOLING, Respondent.

1. *Tax deeds, not reciting notice of sale, are void.*—Under the General Statutes of 1865, p. 129, § 119 (Wagn. Stat. 1206), a tax deed which contains no recital that any notice whatever was given of the sale, is void and conveys no title. It was the duty of the collector, before selling lands on the forfeited list, to give notice as required by the above section, and it ought to appear affirmatively on his deed that such notice was given. The rights of a citizen cannot be divested by this kind of proceeding, unless it appear upon the face of the deed that the law has been strictly complied with. And even where the deed shows by its recitals that the law has been complied with, it may be contradicted as to material points by evidence, even though they are brought up ir collateral proceedings.

2. *Revenue—Sales by collectors and sheriffs.*—A sale by a collector is entirely different in its nature and requirements from that made by a sheriff under judicial process issued by a competent court. The proceedings of the latter are subject to the supervision of the court, and the court whose process he abuses is the proper tribunal to apply the remedy. But the collector does not act under the supervision of a court. He acts at his own peril and by his own advice. Hence he must be held to a strict performance of every prerequisite required by the statute, before the title of the citizen to his property can be taken away.

*Appeal from Greene Circuit Court.*

*H. J. Lindenbower*, for appellant.

The tax deed was *prima facie* evidence of title. No essential prerequisite to the valid exercise of the taxing power was shown to have been omitted.

*C. B. McAfee*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for the north half of lot 24 in block 6, as laid down on the original plat of the town of Springfield, in Greene county. The judgment of the Circuit Court was for the defendant.

The plaintiff's title is a tax deed. If this is not good he has no title to stand on. The tax deed was made by the collector of Greene county, on a sale of this lot in October, 1869, as having been forfeited to the State. After reciting the forfeiture, etc., and that it had remained unredeemed for two years, the deed

proceeds thus : "And whereas, on the first Monday in October, 1869, the land aforesaid, forfeited to the State as aforesaid, remained unredeemed, and the taxes, penalties and costs remained wholly unpaid; and whereas, on the day last aforesaid, under and by virtue of the authority in me vested by law, I did expose the said real estate aforesaid, assessed as aforesaid, for sale for the taxes, interest and costs thereon, before the court-house door of said county ; and thereupon, on the day last aforesaid, Joel Abbott became the purchaser for the taxes, interest and costs, and all subsequent taxes assessed against said land, he being the highest bidder, for the sum of $102 due from said John Butterfield for the taxes on said land for the years 1865 and 1866 and the interest and penalties thereon, and also the subsequent taxes for 1867 and interest and costs thereon. Now, therefore, I, Thomas A. Reed, as collector of revenue of the county of Greene and State of Missouri, in consideration of the premises and the sum aforesaid, and in pursuance and by authority of an act of the general assembly of said State in that case made and provided, have granted, bargained and sold," etc.

. I have quoted the language of the tax deed, and it will be seen that there is no recital that any notice whatever was given of the sale in October, 1869, and yet the statutes (Gen. Stat. 1865, p. 129, § 119; Wagn. Stat. 1206, § 119) expressly require that the collector "shall first give four weeks' public notice by publication in a newspaper published in his county having the greatest circulation ; or, if there be no newspaper published in his county, then by publication in the nearest newspaper published to said county, and by posting up at least twenty written or printed handbills in twenty public places in said county, setting forth that all lands and town lots forfeited to the State for taxes, and remaining unredeemed and unsold, will be, on the first Monday of October then next, offered for sale at public auction, at the court-house in said county; and that a list of such forfeited real estate is kept in the office of the clerk of the County Court of said county, subject to the inspection of all persons wishing to examine the same."

It was the duty of the collector, before selling lands on the

forfeited list, to give the notice as required by the above section, and it ought to appear affirmatively in his deed that such notice was given. In selling lands for taxes, the collector acts under a naked statutory power. The whole proceeding is *ex parte*, and the rights of the citizen cannot be divested by this kind of proceeding unless it appear upon the face of the deed that the law had been strictly complied with. (See Spurlock v. Allen, *ante*, p. 178; Lagroue v. Rains, 48 Mo. 536; Abbott v. Lindenbower, 42 Mo. 162.)

A sale by a collector for taxes cannot be assimilated to a sale by a sheriff under judicial process issued by a competent court. The sheriff's proceedings are subject to the supervision of the court, and the court whose process he abuses is the proper tribunal to apply the remedy. The purchaser under a judicial sale looks to the judgment, execution, levy and sheriff's deed; if they are right, all other questions are between the parties to the judgment and the sheriff. It is eminently proper that the court issuing the process should apply the remedy. Hence such questions arising under a judicial sale cannot be inquired into collaterally, but can be reached only by a direct proceeding instituted in the proper court for that purpose.

A collector's sale is essentially *ex parte*. The officer does not act under the supervision of a court; he acts at his own peril and by his own advice, and must perform every prerequisite required by the statute before the title of the citizen to his property can be passed away from him. The deed of the collector must show affirmatively that the law has been complied with in all particulars. And even when a collector's deed shows by its recitals that the law has been complied with, it may be contradicted as to material matters by evidence, wherever the questions arise, whether in a collateral proceeding or otherwise. This is the settled law in this State.

The collector's deed relied upon by the plaintiff being void upon its face, he has no standing here. Under this view it is unnecessary to examine the questions raised by the instructions.

The judgment is affirmed. Judge Bliss concurs. Judge Wagner absent.