Large v. Fisher.

JAMES LARGE, Respondent, *v.* DAVID FISHER, Appellant.

| 49 | 307 |
| 113 | 40 |
| 49 | 307 |
| 124 | 21 |

1. *Tax title — Collector's deed — Recital in must show strict compliance with the law.*—Under the revenue act of February 4, 1864 (Sess. Acts 1863-4, p. 91, § 35), a tax deed which recites that the collector gave at least four weeks' notice of sale by publication and advertisement "in manner and form as directed by law," but contains no further allegation touching notice of sale, is void. It is the duty of the collector to set forth in his deed how and in what manner the notice was given, so that it may appear on the face of the deed that the prerequisites of the statute were complied with. The above recital is only the opinion or conclusion of the collector, which may or may not be correct. Unless it appear affirmatively from the form of the deed that all the prerequisites of the statute have been strictly pursued, the deed is invalid and conveys no title.

2. *Ejectment — Plaintiff must stand on his own title.*—In ejectment, plaintiff must stand on his own title, and if he has none he cannot recover against the party holding the possession.

*Appeal from Crawford Circuit Court.*

*A. Budd*, for appellant, relied on Enstein v. Gay, 45 Mo. 62.

*Chas. Jones*, for appellant.

The deed does not contain the necessary recitals to make it a valid deed, and is void and inoperative. (Enstein v. Gay, 45 Mo. 62.)

*A. J. Seay*, or respondent.

Appellant was upon the land without the authority of any one, without color of title, and without permission of the former owner, and cannot interpose against respondent. He cannot take advantage of his own wrong.

The recitals of the deed conform to the law. (Sess. Acts 1863-4, art. I, pp. 88, 89, §§ 20–22.)

As to the title vested in the State after forfeiture, see sections 32, 40 and 41 of said act. By section 32 the State had title to convey, sufficient to defeat possession of a trespasser. Under the provisions of section 40 the sale was made, and by virtue of section 41 the deed was made. See also section 50; and see

further sections 110–12, 116, 119, 121, 123 ; Wagn. Stat. 1204 *et seq.*

Counsel commented upon Witherspoon v. Duncan, 4 Wall. 210, in regard to the validity of a judgment against the land.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for lands in Crawford county. The only title offered by the plaintiff was a tax deed executed to him by the collector of Crawford county. The defendant demurred to the evidence, but the court overruled the demurrer and gave judgment for the plaintiff for possession, etc.

There are numerous objections to this deed which render the deed void upon its face. For the purposes of this case it is only necessary to specify one. This was a sale of land on the forfeited list, and the statute requires that notice of such sale shall be by "at least four weeks' public notice by publication in a newspaper published in the county, having the greatest circulation ; or, if there be no newspaper published in the county, then by publication in the nearest newspaper published to said county, and by posting up at least twenty written or printed handbills in twenty public places in said county, setting forth that all the lands and town lots forfeited to the State and remaining unredeemed and unsold will be, on the first Monday in October then next, offered for sale at public auction, at the court-house door in said county, and that a list of such forfeited real estate is kept in the office of the clerk of the County Court of said county, subject to the inspection of all persons wishing to examine the same." (See Sess. Acts 1864, p. 91, § 35 ; Gen. Stat. 1865, p. 129, § 119.)

This deed merely recites that the collector gave at least four weeks' public notice by publication and advertisement "in manner and form as directed by law." It is the duty of the collector to set forth in his deed how and in what manner the notice was given, so that it may appear on the face of the deed that all the prerequisites of the statute were strictly complied with. The recital of the collector that it was done "in manner and form as directed by law" is only his opinion or conclusion, which may or may not be correct.

A regular notice, published as the law requires, is the very foundation of the collector's authority to sell. In selling lands for taxes he is executing a mere naked statutory power, and the rights of the citizen to his property cannot be divested by this kind of sale, unless it appears affirmatively from the form of the collector's deed that all the prerequisites of the statute have been strictly pursued. This is the settled law of this State. (See Abbott v. Lindenbower, 42 Mo. 162; Lagroue v. Rains, 48 Mo. 536; Spurlock v. Allen, *ante*, p. 178; Abbott v. Daling, *ante*, p. 302.)

In ejectment the plaintiff must stand on his own title, and if he has none he cannot recover against the party holding the possession. The plaintiff's tax deed being absolutely void on its face, he has no standing here.

Let the judgment be reversed and the cause remanded. Judge Bliss concurs. Judge Wagner absent.