————o————

STATE OF MISSOURI, *ex rel.* ALEX. McELHINNEY, Respondent, *vs.* CHARLES A. MANTZ, Collector of State and County Revenue for St. Louis County, Appellant.

1. *Revenue—Tax deed—Rights of purchaser at, how determined—Gen. Stat. of 1865, tax sale under—Recitals in tax deed—Mandamus.*—Where land was assessed and taxed under the statute law of 1865, the rights of a purchaser thereof, at tax sale, must be determined by that law. And under the statute of 1865 (p. 127, § 110), the collector was not required to give the purchaser any particular form of deed, or embody in it any particular recitals, and mandamus would not lie for that purpose; and if it did, such recitals would amount to nothing in the way of evidence.

The collector's deed must show the facts authorizing a sale, but it has not been decided that a failure of the deed to correctly recite all the facts will avoid the deed.

*Appeal from St. Louis Circuit Court.*

*Thomas C. Reynolds,* for Appellant.

*A. McElhinney,* for Respondent, cited Nelson vs. Roundtree, 23 Wis., 371–377; Smith vs. Cleveland, 17 Wis., 556–

557; Einstein vs. Gay, 45 Mo., 62; Black. Tax Tit., 3 ed., p. 366; Abbott vs. Lindenbower, 42 Mo., 162; Hume vs. Wainscott, 46 Mo., 145; Lagrone vs. Rains, 48 Mo., 536; Spurlock vs. Allen, 49 Mo., 178; Large vs. Fisher, 49 Mo., 307.

WAGNER, Judge, delivered the opinion of the court.

The relator was the owner of certain certificates of purchase of land at a tax sale in St. Louis county, for the taxes of 1867, the sale being made in 1868, and presented to the defendant, collector of the revenue, about March, 1874, a deed for him to execute for the land. The deed minutely described, in its recital, a history of the whole proceedings which transpired, or were supposed to have transpired, up to the time of, and including, the sale, the original assessment, in whose name the assessment was made, the newspaper advertisement, the action taken in the county court, and everything attending the sale.

Defendant refused to execute the deed, and the relator applied for and obtained an alternative writ of mandamus to compel him to do so. At the hearing of the case a peremptory writ was awarded, and defendant appealed.

The reasons, assigned by the defendant for his refusal to comply with the request and execute the deed, were: that he was a mere ministerial officer, and could not lawfully do anything which he was not by law authorized to do, and that the law did not authorize or permit him to execute the deed asked for; that his powers were defined by the revenue law of 1872, and he had always been ready and willing to give relator a deed in accordance with the provisions of that law, but relator refused to receive it; that if the case was regulated by the previous statute, as it stood at the time of the tax sale, the deed demanded by the relator contained matters and things and allegations, which, neither by said statute, nor by any other statute or law of this State, he was permitted or authorized to allege and set forth in any such deed in his official capacity.

The assessment and tax sale were both made while the law of 1864, as contained in the General Statutes of 1865, was in full force, and the relator's rights must be determined by that law ; and the first question, therefore, is, whether the law, as it then existed, authorized and required the recitals in a tax deed which the relator inserted.

By section 110, p. 127, of the General Statutes, 1865, it is provided, that at any time after the expiration of two years from the time of the sale of any real estate for taxes, if the same shall remain unredeemed, the collector of the proper county, on request, and on the production of the certificate of purchase, shall execute and deliver to the purchaser, his heirs and assigns, a deed of conveyance for the real estate described in such certificate. The statute does not pretend to give any form of the deed, or say that it shall include or comprehend any particular recitals. The duty enjoined upon the collector is merely to make a conveyance for the real estate described.

It is said that where the form of the deed has not been prescribed by law, but the statute simply authorizes the execution of a deed of conveyance to the purchaser, any deed, which, according to the rules of the common law, would be sufficient to transfer the title of the former owner, and vest the estate in the purchaser, is regarded as an operative mode of conveyance, provided it recites the power under which it was made, and is accompanied by proof that the law was strictly complied with. (Blackw. Tax Tit., 366, 3 ed.; Einstein vs. Gay, 45 Mo., 62.)

As no particular form was designated by the statute, a common law conveyance, stating the power of the collector to sell, would have been sufficient. But the mere deed alone would not amount to a presumption that the deed was valid. To give validity and legal effect to the deed, it would be necessary to accompany it with extrinsic evidence showing that the requisite prior proceedings were taken to authorize the public sale, and that when they were taken they were carried on in a legal manner in every particular. At most, the deed is considered as evidence of the regularity of the sale only,

and does not prove title, unless accompanied by proof that the taxes had been legally assessed and returned, and that all the proceedings anterior to the sale had been in conformity to the statute. The recitals would not be evidence against the owner of the property, but the acts of the officers would have to be proved by independent extrinsic evidence. (Hill Tax., 505.)

These remarks are especially based upon the statute of 1865, which we are now construing. That statute gave no form of a deed, and did not require that the officer executing the same should make or embody in it any particular recitals. Such being the law, the courts will not compel an officer to state and recite facts in his conveyance of which he has neither personal nor official knowledge. This sale took place and was conducted by a different officer, many years before the defendant was collector. He was then cognizant of none of the facts, and there was no law requiring that he should search for, hunt up and examine the records, to find out the acts of his predecessors, and others who had acted officially in making the sale and assessment. It was not his duty to recite facts of which he knew nothing, and no obligation rested upon him to execute a deed making these recitals, when he had no means of knowing their truth.

But it is said here, that if the collector cannot be compelled to execute the conveyance containing these recitals, there is no way in which the purchaser can get a valid deed. In answer to this it is only necessary to remark, that as the law did not require the recitals to be made, they would amount to no evidence, and when a party came into court relying upon his deed, he would have to prove the essential facts by evidence outside of and *dehors* the deed. If the statute was defective in not requiring certain things to be put in the deed, it is not for the court to enter upon the experiment of legislation to supply the defect.

But it is contended that this court has held that all these recitals must be correctly stated in the deed, else it is void. This, we think, is a mistaken idea, and we are not aware that any such adjudication has been made.

It is undoubtedly true that the officer must show the power which authorized him to sell, and a recitation of any departure from it will be fatal. Thus, where the collector stated in the deed that he gave notice that he would proceed to sell the land for taxes, by putting up written notices, when the law required that they should be printed, we held that the deed was invalid ; that when the law prescribed a particular or specific manner for making advertisements, or giving notices, no court or officer had a right to substitute another or a different mode. (Lagroue vs. Rains, 48 Mo., 536.) So in Spurlock vs. Allen (49 Mo., 178) and Large vs. Fisher (Id., 307), the collector stated that prior to the sale of the land he gave four weeks' notice thereof, in the manner required by law, and we held this insufficient, on the ground that it should have been stated in what manner the notices were given, in order that the court might judge whether the law had been complied with, and the conclusions of the officer would not answer.

These decisions do not undertake to define what is necessary for the collector to do in making recitals ; they only determine that if he recites badly or falsely, his deed will be void. It is not incumbent on us, in this case, to say what the deed should contain. A common law conveyance may be sufficient, but it must be accompanied with proofs that the particulars of the law have been complied with.

It may not be appropriate here to observe that our present revenue law (Wagn. Stat., 1205, § 217, ed. 1872) has materially altered the practice in this respect, and made the deeds to correspond with those given by sheriffs on execution sales. The judgment is recited in the same manner as in judicial sales, and the deed is made *prima facie* evidence that the law has been pursued and complied with. But the case before us does not come under the provisions of this last act.

As we have already said, that the defendant could not be required to specify, allege and set out the recitals as demanded by the relator, the judgment will be reversed, and the proceedings dismissed.. Judges Napton and Sherwood concur; Judges Vories and Hough absent. •