MOORE v. HARRIS *et al.*, *Plaintiffs in Error.*

1.  **Tax Deed :** WHAT MUST AFFIRMATIVELY APPEAR : STATUTE.  A tax deed is void on its face if it fails to show, affirmatively, all the prerequisites prescribed by the statute as to the fact of notice hav ing

Moore v. Harris.

been given of the delinquency of the land for taxes prior to the judgment therefor, and if it fails to so show that advertisement of the intended sale for taxes was made in the precise method required by the statute.

2. ——— : ———. The statement by the collector in the deed that the above facts had been done according to law, or in manner and form as directed by law, is insufficient.

3. ——— : ———. The facts done must be set forth, in order that the courts may determine whether the proceedings have been according to law.

4. **Deed : " GRANT, BARGAIN, AND SELL."** A deed construed and held that the statutory covenants of "grant, bargain, and sell," contained in it, did not extend to, nor include, the lot involved in suit.

5. **Dowress, Conveyance By.** The legal title of a dowress does not · pass by her deed, unless where she releases her dower right to the *terre-tenant*, or one in the possession of lands, or to whom she stands in privity of estate.

6. **Title by Limitation.** To acquire title by the statute of limitations, the possession must be adverse and continuous for the requisite statutory period.

*Appeal from Scott Circuit Court.* —HON. J. D. FOSTER, Judge.

REVERSED.

*D. H. McIntyre* and *Marshal Arnold* for plaintiffs in error.

(1) The court erred in giving plaintiff the instruction numbered two. His petition shows that the action was brought under section 2240, Revised Statutes, and not under section 2241. Hence it was error to tell the jury that plaintiff had the better and paramount title. Plaintiff could only recover on his own legal title. *Large v. Fisher*, 49 Mo. 307 ; *Foster v. Evans*, 51 Mo. 265, 273 ; *Siglar v. Van Riper*, 10 Wend. 414 ; 2 Greenl. [13 Ed.] secs. 303, 304 ; Tyler on Ejectment, 71, 72. (2) This instruction assumes as true facts which were

put in issue by the pleadings and should, therefore, have been left to the jury to find.    *Condor v. Railroad*, 78 Mo. 567; *State v. Wheeler*, 79 Mo. 366; *Mansur v. Botts*, 80 Mo. 651, 658.   (3) The fourth instruction told the jury that the deed from Mrs. Crow to Moore was good without any consideration of any kind.   That was the effect of it as given.   The deed of March 25, 1868, purported to be upon bargain and sale, and it was, therefore, error to give it in the form in which it was given; it was misleading.   *Kinnebrew's Distributees v. Kinnebrew's Adm'r*, 35 Ala. 628, 636; *Goodspeed v. Fuller*, 46 Me. 141; *Jackson v. Fish*, 10 Johns. 456; *Underwood v. Campbell*, 14 N. H. 393; Wash. Real Prop., secs. 368, 369; 4 Kent Com. 493, 494; *Poe v. Domic*, 4 Mo. 441.   (4) The sixth instruction for plaintiff told the jury that "the party showing in himself the earlier and better title to the premises,   *   *   *   must be regarded by the jury as the legal owner of the lot in question," etc. What in any case is a better title is a question of law for the court, and not for the jury.   The court must instruct on points of law.   R. S., sec. 3655; Coke Litt. 155, 156; *Hickey v. Ryan*, 15 Mo. 63, 67; *Whittelsey v. Kellogg*, 28 Mo. 404; *Stephens v. Hallister*, 18 Vt. 294; *Cox v. Freidly*, 33 Pa. St. 124.   (5) The eighth instruction for plaintiff is entirely inconsistent with the second instruction for the plaintiff, and it should not have been given. *Henschen v. O'Bannon*, 56 Mo. 289, 292; *Pond v. Wyman*, 15 Mo. 175, 181.   (6) The deed of March 25, 1868, granted, bargained, and sold, all the right, title, and interest of Mrs. Crow, and was, therefore, only a quitclaim, and inoperative to convey an after-acquired title. *Bogy v. Shoab*, 13 Mo. 365; *Gibson v. Chouteau's Heirs*, 39 Mo. 356; *Butcher v. Rogers*, 60 Mo. 138.   (7) Plaintiff was estopped to set up any claim to the lot in question, as he had advised defendant, Harris, to buy it, and made no objection until the county seat was established at Benton.   *Landrum v. Bank*, 63 Mo. 48;

*Evans v. Snyder*, 64 Mo. 516 ; 5 Wash. Real Prop. 76–7. (8) Plaintiff failed to show a title by limitation. *Bradley v. West*, 60 Mo. 33 ; Tyler on Ejectment, . 88. (9) The collector's deed was void on its face, and hence not admissible in evidence. *State v. Harper*, 71 Mo. 425.

*Thomas Thoroughman* and *J. K. Hansbrough* for defendant in error.

(1) The deed of date March 25, 1868, from Mrs. Crow to plaintiff, containing the statutory covenants implied in the words grant, bargain, and sell, conveyed not only the title in Mrs. Crow at that time, but, also, any after-acquired title ; so that, whatever title Mrs. Crow had, or could convey, was in plaintiff at the date of Mrs. Crow's deed to Mrs. Mary J. Harris, November 30, 1877. R. S., sec. 675. (2) Whether, under the deed of March 25, 1868, any after-acquired title would enure to plaintiff or not, plaintiff's title, as to the defendant, Harris, is good, they having purchased with notice, or with such knowledge as would charge them with notice that plaintiff was the owner of the lot. (3) Plaintiff's title was good by reason of his open, notorious, continuous, and adverse possession, under color of title, for full ten years preceding defendant Harris' entry into possession, to-wit : from October 28, 1867, the date of the collector's deed to Mrs. Crow, to November 30, 1877, the date of defendant's entry.

SHERWOOD, J.—Ejectment for lot sixty-three, in the town of Benton. Both parties claim under Elizabeth Crow, as the common source of title. To show title in himself, the plaintiff, after showing title in Albion Crow, the husband of Elizabeth Crow, by a commissioner's deed, dated October 28, 1845, next offered in evidence a deed from the collector of Scott county, Thomas S. Rhoades, to Elizabeth Crow, dated October 28, 1867,

professing to convey to the grantee therein the lot in controversy, as the property of Albion Crow, and as sold because of delinquent taxes. Plaintiff next offered in evidence a deed for the lot in question from Elizabeth Crow to himself, dated March 25, 1868, which deed, so far as necessary to copy it here, is as follows :

"Know all men, by these presents, that I, Elizabeth Crow, of the county of Scott and state of Missouri, have, this day, for and in consideration of the sum of seven hundred dollars, to me in hand paid by Joseph H. Moore, of the same county and state, *granted, bargained, and sold*, and by these presents do *grant, bargain, and sell*, unto the said Joseph H. Moore, the following described real estate, situate in the county of Scott and state of Missouri, that is to say, the southeast quarter of the northeast quarter of section fourteen, and the undivided half interest in the west half of the southwest quarter of section twelve, in township twenty-eight, north, range thirteen, east, it being forty and undivided half of eighty acres. Also, all the right, title, and interest which I have of, in, and to lots ninety-one and one hundred and twenty-one, in the town of Commerce, in said county of Scott, and, also, lot *sixty-three*, in the town of Benton, in said county of Scott."

The next link in the chain of plaintiff's title was a deed to Elizabeth Crow, acknowledged October 29, 1870, executed by plaintiff, as administrator of Albion Crow, and conveying the lot in question. The claim of the defendant, Harris, is based on a warranty deed for the lot aforesaid, executed November 30, 1877, by Elizabeth Crow to Mary J. Harris, wife of said defendant Harris.

I. The deed of the collector of Scott county, for the lot in dispute, executed to Elizabeth Crow, in 1867, was worthless, and conveyed no title, and was void on its face, in consequence of its failing affirmatively to show that all the prerequisites which the law had prescribed, as to the fact of notice having been given of the delin-

quency of the land for taxes, prior to judgment rendered by the county court ; and in consequence of its failing affirmatively to show that advertisement had been made of the intended sale of the land for taxes, in the precise method required by the statute. The statements made by the collector in his deed, that these things, these jurisdictional facts, had been done "*according to law,*" or "*in manner and form as directed by law,*" go for nothing in the estimation of the courts. The *facts done* must, in such cases, be set forth, in order that the *courts* may determine whether the respective officers and courts have acted "according to law." *Lagroue v. Rains,* 48 Mo. 536 ; *Spurlock v. Allen,* 49 Mo. 178 ; *Large v. Fisher,* 49 Mo. 307.

The bill of exceptions shows that this deed was admitted in evidence, despite the objections of the defendants. The judgment for plaintiff, however, recites that it was finally excluded from the consideration of the jury, by order of the court. This recital, if true, should have been preserved by the bill of exceptions, the office of which is to preserve all matters of mere exception. I judge, however, from the first instruction asked by, and refused the defendants, that the court did not regard the collector's deed as void on its face. It was thus void, as already seen from the authorities cited, and no title passed to Elizabeth Crow by reason thereof.

II. I now come to consider the effect of the deed to plaintiff of date March 25, 1868, whose recitals have already been in substance set forth ; for, on this deed, plaintiff's paper title exclusively depends. I think it quite too plain for argument that the statutory covenants of "grant, bargain, and sell," do not extend to, nor include, the lot in question. If this be true, then the deed just mentioned, so far as concerns lot sixty-three, is, in effect, a bare quit-claim deed, and no after-acquired title of Elizabeth Crow could enure to the benefit of plaintiff. Besides, it already appears that at the time the deed of

March 25, 1868, was made, the only title Elizabeth Crow had in the premises was that of a dowress, whose dower remains unassigned. The authorities agree that in such case, the legal title of a dowress does not pass by her deed. The only right or interest thereby passing, is one which may be enforced and effectuated in equity. 1 Wash. Real Prop. [4 Ed.] 303 ; 2 Scribner on Dower, 40, 43. Of course, these remarks are not intended to apply to the case of a dowress who releases' her dower-right to the *terre-tenant*, or one in possession of the lands, or to whom she stands in privity of estate. Washburn, *supra ;* Scribner, p. 40, *supra*. The only right or interest, therefore, which plaintiff acquired by reason of his deed, as aforesaid, was one vesting in action only, so far as the views of a court of law are concerned. What a court of equity would do in the premises does not matter, as, in this action, the plaintiff must recover on the legal title, and not on uneffectuated equities.

III. Nor did the plaintiff gain any title to the premises by reason of the operation of the statute of limitations, since his possession was not adverse and continuous for the requisite statutory period. *Wilson v. Albert*, 89 Mo. 536.

As this cause was not tried in conformity to the views here announced, the judgment is reversed and the cause remanded. All concur.