KETCHEM v. MULLINIX *et al.*, *Plaintiffs in Error*.

Tax Deed. A tax deed which purports to convey "all the right, title, and interest" of the state of Missouri, in and to the land, and which does not convey or purport to convey the interest of the owner, does not convey the legal title to the purchaser. (Affirming *Einstein v. Gay*, 45 Mo. 62).

*Error to Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*A. W. Mullins* for plaintiffs in error.

The tax deed should have been admitted in evidence. The statutes in force at the time of its execution did not prescribe any form for a tax deed. 2 W. S., secs. 110, 111. The recitals in the deed show that the proceedings which resulted in the deed were regular and valid, and the objections made to it were not well taken. *Guffey v. O'Reiley*, 88 Mo. 424; *Railey v. Guinn*, 76 Mo. 263.

*S. P. Huston* for defendant in error.

(1) The court did not err in excluding the tax deed as evidence of legal title. It is void on its face. It only purports to convey the right, title, interest and estate, of the state of Missouri. The state had no title. It was a mere judgment creditor seeking to sell the interest of John Mullinix. No title passed by the deed. *Einstein v. Gay*, 45 Mo. 62 ; *Rambo v. Campbell*, 8 Mo. App. 581. (2) The deed was no evidence of the facts recited therein. The sale was made under the General Statutes of 1865, and under that law the recitals in the deed were not evidence of the facts. *State v. Mantz*, 62 Mo. 258. (3) When no form of deed is by law prescribed the deed must be adjusted to the facts of the case, and must contain appropriate recitals showing a power to sell. *Einstein v. Gay*, 45 Mo. 62 ; Blackwell on Tax Titles, sec. 5, p. 406.

NORTON, C. J.—This is an action of ejectment to recover the possession of eighty acres of land in Putnam county, described in the petition.

Both parties claim the legal title, the plaintiff under a deed from John Mullinix, and defendant, George Mullinix, under a tax deed in which it is, among other things, recited, that the land in question was assessed for

taxes, in 1868, to John Mullinix, so that said John Mullinix is the common source of title. The trial court held, as a matter of law, that the tax deed, under which defendant claimed, did not convey the legal title and gave judgment for plaintiff, from which defendant has prosecuted a writ of error to this court, and by it challenges the correctness of the above ruling.

We are of the opinion that the ruling was correct, inasmuch as the tax deed did not convey nor purport to convey the interest of John Mullinix in the land, but states as follows: "I, James Comstock, collector as aforesaid, do hereby transfer, convey and assign to the said George Mullinix, all the right, title, interest and estate of the state of Missouri, of, in and to the above-described property." The land in question had never been forfeited to the state, and the state had no title or interest therein to be conveyed. In the case of *Einstein v. Gay*, 45 Mo. 62, it is expressly held that such a tax deed passes no title to the purchaser.

Other objections are made to the validity of the deed, but it is unnecessary to notice them, as the one already noted is fatal to it.

Judgment affirmed. All concur.