J. T. Burris, A. M. Wilson, and A. T. Wilson v. J. W. Bowers, Grace Bowers, Willis Walton, and C. E. Felker, Appellants.—No. 38814.—181. S. W. (2d) 520.

Division One, June 5, 1944.

Rehearing Denied, July 3, 1944.

*J. Grant Frye* for appellants.

*Stephen Barton* for respondents.

1154

BRADLEY, C.—Plaintiff Burris owned 70.43 acres in Scott County. November 21, 1941, the land was sold for taxes under the Jones-Munger law. This cause was filed by Burris and his mortgagees to set aside the tax deed and a deed from the grantees in the tax deed to the defendants J. W. and Grace Bowers. Defendant Felker was the collector and defendant Walton was a tenant on the land. The trial court, on July 14, 1943, set aside the deeds mentioned and defendants appealed.

The land was first offered for sale on the first Monday in November, 1939 (taxes 1936-1938), and again offered for sale in November, 1940 (taxes 1936-1939), and again in November, 1941 (taxes 1936-1940). At the offerings in November, 1939 and 1940, no one bid an amount equal to the taxes, interest, penalties and costs, and no certificate of purchase was issued. At the third offering in November, 1941, N. E. Fuchs, Jr., and John Hux bid $490, and received the collector's deed dated November 21, 1941. December 17, 1941, Fuchs and Hux conveyed to defendants J. W. and Grace Bowers. Fuchs and Hux, grantees in the tax deed, were not made parties, but no point is made as to that.

The amount of delinquent taxes, interest, penalties and costs at the time of the sale was $192.30. The total amount of taxes, interest, etc., for the years covered by the collector's deed and for 1941 and 1942 was $275.52. The court found that the rental value for 1942 was $175. The difference, $100.52, the court directed that plain-

tiffs pay to the clerk of the court "for the benefit of the defendants or those entitled thereto" and the judgment was made a lien upon the land to secure the payment of the $100.52.

The sole ground, as we infer, upon which the trial court set aside the tax deed is that it does not contain the necessary recitals to pass title. It was stipulated that the tax deed was "on a printed form furnished and approved by the State Tax Commission pursuant to statute" (Sec. 11164, R. S. 1939).

Plaintiffs (respondents) say that "this deed fails to affirmatively show by express statements that the statutory steps essential to a transfer of plaintiffs' property were complied with in the conduct of the sale upon which said deed was issued"; that "it fails to show affirmatively by express ▬▬ statements (1) that the notice of sale was printed in some newspaper of general circulation and published in the county for three weeks successively, one insertion weekly, before such sale, and that the last insertion was at least fifteen days before the first Monday in November; (2) that the sale was at public auction; and (3) that the sale was conducted as the statutes provide."

Sections of the statute hereinafter mentioned have reference to the 1939 revision and to same section number in the Mo. R. S. A.

By Sec. 11108, current unpaid real estate taxes become delinquent on the first day of January. On and after that day unpaid real estate taxes "shall be deemed and held to be back taxes" (Sec. 11109). Secs. 11110-11124 deal with the duties of the collector respecting delinquent taxes. Sec. 11125 provides that "all lands and lots on which taxes are delinquent and unpaid shall be subject to sale to discharge the lien for said delinquent and unpaid taxes." By Sec. 11126 the collector is required to publish the list of delinquent lands and lots "in some newspaper of general circulation and published in the county, for three consecutive weeks, one insertion weekly, before such sale, the last insertion to be at least fifteen days prior to the first Monday in November. . . ."

Sec. 11127 provides that "on the day mentioned in the notice, the county collector shall commence the sale of such lands and shall continue the same from day to day until so much of each parcel assessed or belonging to each person assessed, shall be sold as will pay the taxes, interest and charges thereon. . . ." Sec. 11128 prescribes the procedure when more than one tract or lot belonging to the same person shall be for sale at the same time and in the same municipal corporation or township.

Sec. 11129 provides that if, at the first offering of sale, no person shall bid a sum equal to the delinquent taxes with interest, penalty and costs, then the clerk of the sale shall note such fact in his record of sale and that the collector shall also note such in his "record containing the list of delinquent lands and lots", and that said tracts shall again be offered for sale "at the next sale of delinquent lands and

lots." If at the second offering for sale no person shall bid a sum equal to the then delinquent taxes, with interest, penalty and costs, then the clerk of the sale and the collector shall again make note of such fact as at the first meeting.

Sec. 11130 provides that when lands have been offered for sale for delinquent taxes, etc., "for any two successive years and no person shall have bid therefor a sum equal to the delinquent taxes thereon, interest, penalty and costs provided by law, then such county collector shall at the next regular tax sale of lands for delinquent taxes, sell same to the highest bidder, and there shall be no period of redemption from such sales. · No certificate of purchase shall issue as to such ·sales but the purchaser at such sales shall be entitled to the immediate issuance and delivery of a collector's deed. . . . Before any purchaser at a sale to which this section is applicable shall be entitled to a collector's deed it shall be the duty of the collector to demand, and the purchaser to pay, in addition to his bid, all taxes due and unpaid on such lands or lots that became due and payable on such lands or lots subsequent to the date of the taxes included in such advertisement and sale. . . . "

The present tax deed, among other things, recites: (1) That state and county taxes for the years 1936, 1937, 1938 on the land described were returned delinquent in the name of J. T. Burris on January 1, 1937, 1938, 1939, and that such delinquency was of record in the collector's office; (2) that said land, "after having been duly advertised, was offered for sale by the collector for the nonpayment of taxes, costs, and charges for said years at the east front door of the court house in the City of Benton, County of Scott, State of Missouri, on the first Monday in November, 1939"; (3) that at said offering "no person offered a sum therefor equal to the said delinquent taxes with interest, penalty and costs"; (4) that state and county taxes for the years 1936, 1937, 1938, and 1939, on the land were returned delinquent in the name of J. T. Burris on January 1, 1937, 1938, 1939, 1940, and that such delinquency was of record in the collector's office; (5) that said land "after having been duly advertised", was again offered for sale at the same place on the first Monday in November, 1940, with the same result as in the first offering; (6) that state and county taxes for the years 1936, 1937, 1938, 1939, 1940, on the land were returned delinquent in the name of J. T. Burris on January 1 1936, 1937, 1938, 1939, 1940, 1941, and that such delinquency was of record in the collector's office; (7) that said land, "after having been duly advertised", was again offered for sale, at the same place, on the first Monday in November, 1941; (8) that Fuchs and Hux made the highest bid, $490, and that the land was sold to them; (9) that Fuchs and Hux, in addition to their bid, paid "all taxes due and unpaid on said lands which have become due and payable on same since the date of the taxes included in the advertisements

for sale of said lands''; (10) that the tract of land described ''was the least quantity which would sell for the respective amounts due thereon for taxes, interest, costs and charges'', and that the land had been duly assessed and properly charged on the tax books for the years mentioned. The deed goes on to describe the land and convey it to Fuchs and Hux.

Plaintiffs (respondents) contend that the tax deed should re-cite in detail that all the statutory requirements were complied with in the sale of the land. For example, they say that the tax deed should recite that the collector published the list of delinquent lands in a newspaper (naming it), and stating when published; that the newspaper was of general circulation and published in the county; that the publication was for three consecutive weeks, one insertion weekly, before the sale, and that the last insertion was at least 15 days prior to the sale, etc.

Plaintiffs say, in effect, that the recitals in the tax deed as to statutory requirements are mere conclusions, amount to nothing, and are wholly insufficient to convey title. In support of such contention plaintiffs cite Lagroue et al. v. Rains et al., 48 Mo. 536, holding that where a statute required publication of notice of tax sale in a newspaper, posting written notices was not sufficient; Abbott v. Dol-ing, 49 Mo. 302, holding that a tax deed was void which contained no recital whatever that any notice of the sale was given; Spurlock v. Allen, 49 Mo. 178, holding that the recital in a tax deed that prior to the sale of the land the collector ''gave four weeks' notice thereof in the manner required by law'' was insufficient; Bender v. Dungan et al., 99 Mo. 126, 12 S. W. 795, holding that recitals, in a tax deed, that various matters were done as required by law, amount to nothing at all; Burden et al. v. Taylor, 124 Mo. 12, 27 S. W. 349, holding similar to the Bender case; Moore v. Harris et al., 91 Mo. 616, 4 S. W. 439, holding that a tax deed is void which fails to show, affirmatively, all the prerequisites prescribed by statute as to notice of sale, and that a recital that such and such was done according to law is not sufficient.

Sec. 11162 sets out what must be proved in order to set aside a deed executed under the Jones-Munger law. By this section it is provided that the person claiming by adverse title to such deed shall be required to prove: (1) That the land was not subject to taxation at the date of assessment of the tax for which it was sold; (2) or that the taxes were paid in the proper time; (3) or that the land had not been assessed for the taxes for which it was sold; (4) or that the land had been redeemed; (5) or that a proper certificate had been given, in proper time, by the proper officer, stating that no taxes were due at the time of the sale. However, this section was not intended to prohibit suits to avoid tax sales on grounds other

than those mentioned in the section. Bussen Realty Co. v. Benson et al., 349 Mo. 58, 159 S. W. (2d) 813. See also Sec. 11170.

Is the present tax deed void because it does not contain in detail the statutory requirements? Sec. 11150 prescribes the form for deed upon the production of a certificate of purchase issued at the first or second offering of sale. By reference to the form it will be observed that it contains such conclusions as "and legal publication made of the sale of said lands", "and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs and charges", "the aforesaid lands were legally liable for taxation", and have "been duly assessed and properly charged on the tax book."

The cases cited by plaintiffs (respondents) holding tax deeds void where statutory requirements appeared by mere conclusions, were all prior to the Jones-Munger law. Sec. 11150 prescribes with a *shall* a deed form containing just such conclusions as were condemned under the old law. Plaintiffs say, however, that Sec. 11150 does not change the law as to such conclusions, and cites State ex rel. Martin v. Childress, 345 Mo. 495, 134 S. W. (2d) 136. The ruling in that case is not so broad as claimed. That case dealt with a bad description and held [134 S. W. (2d) l. c. 139] that "the Jones-Munger act, as to the ▮▮▮ effect of a bad description, is no different than the old law." See also, Sec. 11156 as to bad description.

Burden et al. v. Taylor, 124 Mo. 12, 27 S. W. 349, referred to, supra, was in ejectment, but involved the validity of a tax deed which was held void. The court said:

"As will be observed, this deed is a mere skeleton, and is defective in so many respects that it would be tedious to particularize them. Although the statute under which it was executed (G. S. 1865, chap. 13, sec. 112), did not require the collector to make any recitals in the deed, or prescribe a form therefor, and undertook to make the deed conclusive evidence that the statutory requirements in regard to the sale and transfer of a citizen's property for delinquent taxes, had been complied with, except in the three particulars therein mentioned; yet it was held that, as the power of the collector to make such transfer depended upon a compliance with those requirements, *it was not within the power of the legislature to dispense with proof of such as were essential,* and, unless it affirmatively appeared from the recitals of the deed that the essential prerequisites of the statute had been substantially complied with, the deed was void on its face and would convey no title, and that such statements of the collector as, that 'legal notice had been given as the law directs', or of his conclusions as to other jurisdictional facts, amounted to nothing" (italics ous), citing Abbott v. Lindenbower, 42 Mo. 162; Einstein v. Gay et al., 45 Mo. 62; Lagroue v. Rains; Spurlock v. Allen, supra; Large v. Fisher, 49 Mo. 307; State ex rel. McElhinney v. Mantz, 62 Mo. 258;

Spurlock v. Dougherty, 81 Mo. 171; Moore v. Harris, 91 Mo. 616. None of these cases hold that the legislature may not prescribe a form, containing conclusions, for a tax deed. All that is held, so far as here concerned, is that the legislature cannot make a tax deed *conclusive* on the facts recited.

It will be noted that the deed form prescribed in Sec. 11150 contains conclusion recitals as to statutory requirements similar to the conclusion recitals in the present deed. Able counsel do not call our attention to any authority holding that the legislature may not properly prescribe such form as set out in Sec. 11150. And if that form is valid, and we so rule, then the form used in the present tax deed is valid.

Plaintiffs alleged that Secs. 11125-11182 "and all other sections of Art. 9, Ch. 74 (R. S. 1939) and amendments thereto relating to the sale of lands for delinquent taxes" deny due process and therefore run counter to Sec. 30, Art. 2, Constitution of Missouri, and the due process clause of the 14th Amendment, Constitution of the United States. Plaintiffs further alleged that said sections and amendments thereto are also void because contrary to Sec. 3, Art. 10, Constitution of Missouri, in that "they discriminate between the owners and a stranger to the chain of title in requiring owners to bid and pay (see Sec. 11130) the full amount of the taxes without requiring a stranger to the title to do likewise, and because said statutes provide that the owners of certain real estate in certain jurisdictions in the State of Missouri (see Sec. 11378 et seq., R. S. 1939) are entitled to judicial proceedings and notices provided for in civil proceedings and deny the owners in other jurisdictions of the state such privileges and rights and, therefore, the statutes are not uniform in their operation."

It was held in Kennen et al. v. McFarling et al., 350 Mo. 180, 165 S. W. (2d) 681, that the Jones-Munger law does not deny due process, and we might say that plaintiffs do not, in the brief, so claim. However, plaintiffs, in the brief, make about the same statement respecting the validity of the law when measured by Sec. 3, Art. 10, Constitution, as in the petition, but no authority is cited in support of such contention, and in the written argument all that is said on the subject is that the Jones-Munger law violates Sec. 3, Art. 10, Constitution "for the reasons suggested" in the brief proper. In such situation the point will be considered as abandoned.

The judgment should be reversed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.