**ACTON ENTERPRISES, INC.,**
**Plaintiff-Respondent,**

v.

**Glenn STOTTLE, Defendant-Appellant.**

**No. 12791.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 26, 1983.

**150**

Donald W. Ingrum, Branson, for plaintiff-respondent.

Gary W. Allman, Cantwell, Allman & Smith, Branson, for defendant-appellant.

GREENE, Chief Judge.

This appeal is from a judgment in a court-tried case in which the Circuit Court of Taney County decreed that plaintiff, Acton Enterprises, Inc., was the fee simple owner of 3.5 acres of real estate in Taney County, claimed by defendant, Glenn Stottle, by reason of a collector's tax deed to the property issued to him in 1981. The trial court also entered a judgment for Stottle against plaintiff in the sum of $215, which represented the amount of back taxes paid on the property by Stottle at the time of the tax sale, plus interest.

Since this was a court-tried case, the judgment must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and is not based on an erroneous declaration or

1. All statutory citations are to RSMo 1978.

application of law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

On appeal, Stottle claims that the trial court erred 1) in finding that the collector's deed was void due to the inadequate legal description of the 3.5 acres contained in the land tax book, the publication of notice of tax sale, and the certificate of tax sale; 2) in finding that the collector's deed was void due to the purchase price being grossly inadequate; 3) in finding that the collector's deed was void although the plaintiff had failed to prove any of the elements set out in § 140.610;[1] and 4) in not awarding him reimbursement for a recording fee and property taxes paid since the tax sale.

■ In its findings of fact, conclusions of law and judgment, attached to this opinion as an appendix, the trial court concluded that the collector's deed for taxes issued to Stottle was void because the legal description of the property sold to Stottle was not adequately set forth in the land tax book, the publication of notice of the tax sale, and the certificate of tax sale, as is mandated by §§ 140.030, 140.150 and 140.170, and by Art. 10, § 13 of the Missouri Constitution. This conclusion is supported by substantial evidence in the record and by Missouri case law. See *State ex rel. Martin v. Childress,* 345 Mo. 495, 500, 134 S.W.2d 136, 139–140 (1939) and *Costello v. City of St. Louis,* 262 S.W.2d 591, 595 (Mo.1953). The trial court also concluded that the collector's deed was void because the consideration paid by Stottle for the land at the tax sale (3.5 acres for $168.25) was grossly inadequate.

■ While inadequacy of consideration is no longer a ground to declare a tax sale void [*Powell v. County of St. Louis,* 559 S.W.2d 189 (Mo. banc 1977)], the trial court's finding that the tax sale and ensuing collector's deed were void due to an inadequate legal description, standing alone, was sufficient to uphold the trial court's judgment on the invalidity of the collector's deed. The error of the trial court in considering the inadequacy of consideration paid by Stottle was harmless.

■ Stottle's contention that the judgment is erroneous because Acton Enterprises failed to plead and prove one or more of the elements set out in § 140.160, as a supposed prerequisite to setting aside a tax sale, has no merit as that statutory section does not provide an exclusive remedy. The notice and adequate legal description sections of the law provide additional grounds, and were used as a basis for the court's decision here. See §§ 140.030, 140.170, 140.530; *Burris v. Bowers,* 352 Mo. 1152, 1158–1159, 181 S.W.2d 520 (1944) and *Powell v. County of St. Louis,* supra at 195–196.

Stottle's final argument is that the trial court erred in not awarding him reimbursement for a recording fee of his collector's deed in the sum of $7.50, and taxes he paid on the land after the tax sale in the amount of $73.95. Stottle did not plead this issue, nor prove it, at the trial court level. This issue cannot be raised for the first time on appeal.

It appears that this litigation could and should have been avoided if the Taney County Assessor had noted the trial court's decree of September 16, 1977, which stated that Peter and Karen Rea, not Last Frontier Sales Corporation, were owners of the disputed land. If he had, and changed the land tax records accordingly, adequate notice of any tax delinquency and prospective sale could have been given to the Reas and their successors in title. Defendant Stottle is blameless in this matter, as is plaintiff, Acton Enterprises, Inc. Upon examination of the entire record, equity, as well as the law, dictates that plaintiff should prevail.

The judgment of the trial court is affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.

## APPENDIX

### COURTS FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### FINDINGS OF FACT

1. Plaintiff is a Missouri Corporation in good standing with its principal offices located in Taney County, Missouri.

2. By virtue of a decree of the Circuit Court of Taney County, Missouri entered in Case 4009 Peter H. Rea and Karen G. Rea were declared to be the owners of all lands in Section 30, Township 22, Range 20 adjacent to the east Section line of Sections 12 and 13 in Township 21, Range 21, all in Taney County, Missouri and Paul N. Parks and Last Frontier Sales Corporation were deemed to have no further interest therein.

3. Peter H. Rea believed that by virtue of the above decree that there was no land lying west of the East 120 acres of the S ½ of Section 30, Township 22, Range 20, Taney County, Missouri, or if there was any such land that it was owned by his wife and him. By their subsequent conveyance to Hardy Stewart et al of the SE ¼ of the SW frl. ¼ of said Section the Reas intended to convey all land owned by them in the S ½ of said Section 30 to the Stewarts; the Stewarts had the same intention when they conveyed to Norris Jerald Acton et ux and the Actons had the same intention when they conveyed to Acton Enterprises, Inc.

4. As evidence of this intention, Peter H. Rea and Karen G. Rea executed a quit claim deed to Acton Enterprises, Inc. for all land in the S ½ of the SW frl. ¼ of Section 30, Township 22, Range 20, Taney County, Missouri.

5. The Taney County Assessor's Office showed Last Frontier Sales Corporation on its Land Tax Book as the owner of "Pt. S2 S frl. 2 ex D255–804 in Section 30, Township 22, Range 20."

6. The Taney County Collector advertised the following described parcel for sale for unpaid taxes for the years 1974 through 1978 at Tax Sale held August 27, 1979; "Pt. S ½ S. frl. ½ Tract 3, Section 30, Township 22, Range 20."

7. Glen Stottle purchased said advertised tract at the tax sale for back taxes, interest and costs, and was issued a certificate of purchase on August 27, 1979 for "Pt. S ¹′ S frl. ½ Tract 3 less 1 acre in Section 30, Township 22, Range 20."

8. On September 4, 1981, a Collector's Deed for Taxes was given to Glen Stottle for "Part of the South half of the fractional SW ¼ of Section 30, Township 22 North, Range 20 West, Taney County, Missouri, being more particularly described as all that land in said SW ¼, Section 30 lying West of the East 120 acres of the S ½ of the S ½ of said Section 30, containing 4.5 acres, more or less, and specifically excluding a portion of said tract that would include an area lying twenty (20') feet to either side of the centerline of the now existing road that approximately bisects said tract, and except for the South one (1) acre thereof, containing 3.5 acres more or less.

9. That at no time did the defendant or holder of the tax certificate make public to the plaintiff who was running cattle on the land that plaintiff did not own it, and made public his claim only after securing the tax deed which immediately caused plaintiff to commence suit as defendant was attempting to fence said triangle tract out of the plaintiff's possessed lands.

10. That the reasonable value per acre of the land purchased by Defendant at the 1979 tax sale was $800.00 per acre and defendant paid $168.25 for 3.5 acres, which is less than $50.00 per acre.

11. That on or about January 7, 1982 plaintiff offered to pay defendant the amount paid by the defendant for the land in question at said tax sale, plus interest from the date of sale, in return for defendant relinquishing his interest in such property, which offer and tender were refused by defendant, and plaintiff has continued to offer to refund such amounts to defendant.

## CONCLUSIONS OF LAW

1. Plaintiff was the equitable owner of all the land in the S ½ of the SW frl. ¼ of Section 30, Township 22, Range 20, Taney County, Missouri, by virtue of the warranty deed given to it by Norris Jerald Acton et ux dated April 14, 1980 and recorded in Book 253 at Page 554 because it was the intention of the parties Rea, Stewart and Acton to convey to their successors in title all land in said S ½ of the SW frl. ¼. It also became legal owner of said land by virtue of the Quit Claim Deed of Peter H. Rea and Karen G. Rea dated December 28, 1981 and recorded in Book 239 at Page 2453.

2. The Collector's Deed for Taxes issued to Glen Stottle on September 4, 1981, is void and of no effect in that:

A. The legal description to the property sold was not adequately set forth in the Land Tax Book, the publication of Notice of Tax Sale and the Certificate of Tax Sale as required by R.S.Mo. Sections 140.-030; 140.150 and 140.170 and the Missouri Constitution Article X, Section 13. The legal description used in the Land Tax Book and the published notice of sale could have described any land within the S ½ of the S ½ of Section 30, Township 22, Range 20, which, depending on the size of the fractional section could have included up to nearly 80 acres. The detail of the description in the Collector's Deed that was actually issued shows on its face the inadequacy of the legal description used in the notice of sale and all other prior proceedings under the Jones-Munger Tax Law. A proper legal description was available to the Collector as shown by plaintiffs Exhibit No. 1 (Deed from Wildlife Development Corporation to Last Frontier Sales Corporation), but was not used.

B. The purchase price was grossly inadequate when considered along with the inadequate legal description so as to provide additional grounds for the sale being void. The land was purchased for approximately 1/16 of its fair market value.

3. Plaintiff has brought its suit for the recovery of its lands within the three year period from the recording of the tax deed as required by R.S.Mo. Section 140.590.

4. Pursuant to R.S.Mo. Section 140.560 defendant may be held liable for the costs of this action, including a reasonable fee for the plaintiff's attorney in this action, however the Court finds that no award should be made on attorney fees.

5. Plaintiff is responsible for paying to defendant the amount of $168.25, with interest from August 27, 1979 at the rate of 10% per annum ($215.00) this being the amount paid by defendant at the tax sale for the land in question, plus interest.

6. All costs in excess of filing fee to be paid by defendant.

WHEREFORE, Court awards all lands in controversy free and clear of all claims of defendant to plaintiff. Plaintiff to pay to defendant the sum of $215.00 plus interest at 9% from this date until paid and defendant to pay all costs in excess of filing fee.

/s/ Sam Appleby
JUDGE

DATED    June 2, 1982