KINNEY *et al.* v. FORSYTHE *et al., Appellants.*

1. **Tax-Deed Under Revenue Law of 1872 :** JUDGMENT AT OTHER THAN REGULAR TERM. Under section 183 of the revenue law of 1872, (Acts, p. 119), the collector must apply for judgment, against lands returned delinquent, at the July term of the county court, provided for by that act, unless for good cause he be unable to obtain judgment at that term, when he may apply at a succeeding term. A tax-deed based on a judgment rendered at the August term of the county court, which, on its face, fails to show good cause why judgment was not applied for and rendered at the July term, is void.

2. **Tax-Deed Void on its Face :** SPECIAL STATUTE OF LIMITATIONS. A tax-deed, void on its face, does not set the statute of limitations in motion.

3. ———— : ADVERSE POSSESSION. Adverse possession for three years under a tax-deed, void on its face, is no defense to an action of ejectment.

4. **Tax-Sale :** REVENUE LAW OF 1872. It is essential to the validity of a tax-sale under the revenue law of 1872, that the judgment should describe the land and the way in which notice of the application for judgment was given. The special execution record should contain a copy of the judgment and order of sale attached thereto, authenticated by the clerk.

5. **Tax-Deed, Prima Facie Valid.** It is competent to use the records and papers of the county court to defeat a tax-deed, even if *prima facie* valid.

*Appeal from Mercer Circuit Court.*—Hon. G. D.
Burgess, Judge.

Affirmed.

*H. J. Alley* for appellants.

(1) The tax-deed is almost in the exact language of
the form prescribed in the statute. Acts 1872, sec. 217,
p. 128; W. S. 1872, sec. 217, ch. 118, p. 1205. It was
admitted and proved at the trial that Joel H. Shelly,
who executed the tax-deed, was at the time treasurer
and *ex-officio* collector of Mercer county; that Mercer
county had adopted and was then acting under the town-
ship organization law. The deed is valid on its face.
(2) The three years limitation act is constitutional. *Hill
v. Atterbury*, 88 Mo. 114; *Allen v. Armstrong*, 16 Iowa,
508; *Thomas v. Stickle*, 32 Iowa, 71; *Mongonia & Co.
v. Blair*, 51 Iowa, 447; *Pillow v. Roberts*, 13 How. 472;
*Linsey v. Fay*, 25 Wis. 461; *Hill v. Kirk*, 66 Wis. 447;
*Wood v. Meyer*, 36 Wis. 308; *Lawrence v. Kennedy*,
32 Wis. 281; *Edgerton v. Byrd*, 6 Wis. 527; *Oconto
Company v. Gerard*, 46 Wis. 378; *McMullen v. Wehle*,
13 N. W. Rep. 694.

*M. F. Robinson* for respondents.

(1) The declaration of law numbered one given at the
instance of the plaintiffs was rightly given and was the
law of the case, there appearing no list of lands or lots,
in connection with the judgment, or anywhere else, and
it not being signed by the presiding officer of the court.
2 W. S., secs. 191 to 194; *Ewart v. Davis*, 76 Mo. 129;
*Howard v. Heck*, 88 Mo. 456. (2) The second declara-
tion of law given at the instance of the plaintiff was
rightly given and was the law applicable to the case.
2 W. S. sec. 195; *Ewart v. Davis*, 76 Mo. 129, and cases
there cited. (3) The tax-deed in controversy was void

on its face and plaintiffs' refused declaration of law should have been given. The deed recites that at the August term, 1872, judgment was rendered without giving any reason why it was not rendered at the special July term. *Spurlock v. Daugherty*, 81 Mo. 171. This should have put the purchaser on his inquiry, and he would have found that there was no judgment and no execution. Being void on its face the three years statute of limitations did not run. *Spurlock v. Daugherty*, 81 Mo. 171; *Mason v. Crowder*, 85 Mo. 526; *Pierce v. Titsworth*, 87 Mo. 635; *Callahan v. Davis*, 90 Mo. 78. (4) Even if the deed was valid on its face, it was, in fact, void, because not supported by judgment or execution. Being a judicial sale the purchaser was bound to take notice of the judgment and execution and his grantees being privy to his title are bound thereby. *Lenox v. Clark*, 52 Mo. 115; *Hewitt v. Weatherby*, 57 Mo. 276; *Howard v. Heck*, 88 Mo. 456. (5) The three years statute of limitations is unconstitutional because (*a*) it is a limitation law and its character is not expressed in its title. Const. Mo., secs. 28, 53, art. 4; 3 Mo. App. 226. (*b*) It takes property without due process of law. Sec. 30 of Bill of Rights. And is contrary to the letter and spirit of our registration laws. (6) Even if this statute was constitutional and if the tax-deed was of sufficient validity to set it to running it was repealed by implication before the three years had expired. The deed was filed for record December 11, 1874, and the law was repealed by the revenue act which went into effect on the twelfth day of April, 1877, which act being an entirely new law operated as a repeal of all former laws on the subject. *State v. Roller*, 77 Mo. 120; *Wood v. State*, 1 S. W. Rep. 709; *Stebbins v. State*, 2 S. W. Rep. 617; *Clay Co. v. Chickasaw Co.*, 1 South Rep. 753; *Parsall v. Keenan*, 79 N. C. 472.

SHERWOOD, J. — Ejectment for land in Mercer county. The title of the plaintiffs was admittedly perfect, unless it had been divested in consequence of the tax-sale, deed recorded, and possession thereunder for three years before suit brought. The taxes under which the land was sold, were for the years 1868, 1869, 1870 and 1871, and the sale took place October 7, 1872, the deed being made December 11, 1874. The sale consequently took place under the provisions of the statute, approved March 30, 1872. Sess. Acts 1872, p. 119, secs. 182 *et seq.*

I. Under the provisions of section 182, original jurisdiction was conferred on county courts for the enforcement of liens against real property and a *special term* of court, the third Monday of *July* in each year, was ordered for that purpose. At the time the judgment of the county court was rendered herein, the *regular* terms of the county courts were fixed by statute on the first Monday in February, May, August and November. 1 W. S., p. 442, sec. 17. Section 183 of the revenue law (Acts 1872, p. 119) provides that when taxes remain due on the first day of June of each year, the collector shall publish an advertisement, in some newspaper published in his county, of a list of the delinquent lands, the taxes due thereon, and the year for which they are due, and give therein at least four weeks notice prior to the *July* term, that at such term, he will apply to the county court for judgment to enforce the lien of the state against such real property and for an order for the sale of such land for satisfaction of the judgment, and shall also give notice that on the first Monday in October then next, that he will expose to sale the property ordered to be sold.

But that section has the express proviso that the collector may apply at a succeeding term of the county court for judgment against such real estate and for an

order of sale thereof, " *if from any good cause*" he shall be unable to obtain judgment, at the special July term. The tax-deed in this case, shows that the judgment was obtained at the *August* term of the court; but there is no "*good cause*" shown upon the face of the deed, why the judgment was not obtained at the term specially designated by the law for that purpose. Without the existence of such "good cause," the collector had no authority to apply for judgment; this being the case, acting as he did under a mere naked statutory power, it was by all means essential that his deed, in order to its validity, should show a strict compliance with the power conferred, either, first, by showing judgment obtained at the special July term, or, second, showing a "good cause" why judgment was not obtained at that time, but was obtained at a succeeding term of the court.

Under a former revenue law of this state, the collector was required to publish an advertisement in some newspaper published in his county, giving notice of his intention to apply for judgment against real estate for the payment of taxes, but there was a proviso, " that if for any cause the collector should be unable to make the advertisement and notice aforesaid, that such list might be published by one written or printed list, etc., posted up at the court-house door." The provisions of that statute were discussed and applied to a tax-deed which contained a statement that the collector had posted up one written notice, etc., in each municipal township, and upon this, it was ruled that as the deed did not show that an exigency had arisen for the collector to act under the proviso, or that he did act under its terms, that the deed was void on its face. *Lagroue v. Rains*, 48 Mo. 536. The same reasoning applies to the present deed, and pronounces it void on its face, since it does not appear from the face of that deed that any exigency arose necessitating the collector to apply at

the August term of the county court for judgment against the land, rather than at the July term. Without the exigency arose for applying at another and different term than that specially prescribed by law, the collector was clothed with no authority to apply for judgment at such other term, and if the exigency did arise then the tax-deed should show it, in order to justify its execution, and make it *prima facie* valid.

II. If the deed was void on its face, of course the statute of limitations could not run. *Mason v. Crowder*, 85 Mo. 526. And the fact that there was adverse possession for three years under the deed, would not better the condition of the defendants.

III. But the deed had no bottom to stand on ; the judgment did not describe the land, nor did that judgment state how or in what way notice of the intended application was given, nor did the special execution record contain a copy of the judgment, and order of sale attached thereto, authenticated by the clerk. And it was competent to use the records and papers in the county court to defeat the deed, even if apparently valid. *Ewart v. Davis*, 76 Mo. 129.

Therefore, judgment affirmed. With the exception of RAY, J., absent, all concur.