## HENRY B. SEAMAN, Appellant, v. CLEMENTINA HELLMAN.

**Division One, December 19, 1914.**

**TAX DEED: Necessary Recitals: Sale by Collector Under Act of March 30, 1872.** The Act of March 30, 1872, provided for a special term of the county court in July of each year for the enforcement of tax liens against realty, but also provided that the collector might apply to a subsequent regular term if for any good cause he could not obtain judgment at the special term. *Held*, that a collector's deed reciting proceedings and judgment of sale for taxes at the October term, 1872, without any showing of cause for application to that term, is invalid. [There is, furthermore, no showing in this case, either in the deed or elsewhere that the requisite notice of the day of sale or of the intended application to the October term was given by the collector.]

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*H. Chouteau Dyer* for appellant.

(1) The sale of the property in question was by virtue of a judgment, and not by the collector by virtue of his office. Wagner's Statutes 1872, chap. 118, sec. 182, and following. (2) The judgment of the county court is not subject to collateral attack. Leonard v. Sparks, 117 Mo. 103; Yoeman v. Younger, 83 Mo. 424. (3) The collector's deed in question was sufficient to convey a good title. Raley v. Guinn, 76 Mo. 263. (4) The recitation in the deed that "public notice in the manner required by law" was given was sufficient. Blodgett v. Perry, 97 Mo. 263; Ivy v. Yancey, 129 Mo. 501; Kane v. McCown, 55 Mo. 181; Norton v. Quimby, 45 Mo. 388; Littlefield v. Ramsey, 181 Mo. 613.

*J. W. Chilton* for respondent.

(1)   A tax deed made by the collector based on a judgment rendered at a term subsequent to the July term must show on its face the good cause of such collector for his failure to obtain judgment at the July term, else it is void.   Wagner's Statutes 1872, secs. 182 and 183; Laws 1872, p. 119; Kinney v. Forsythe, 96 Mo. 414; Spurlock v. Dougherty, 81 Mo. 171.   (2) The Revenue Laws of 1872, as well as prior similar enactments, required that a sale of land by a collector for delinquent taxes must have been preceded by notice of such sale, and prescribed the manner of giving such notice.   Under these enactments this court has uniformly held that a collector's deed must show on its face the manner in which notice of such intended sale was given by the collector, and that it was not sufficient to simply state that notice of such sale was given "according to law;" and that a deed which did not show on its face the manner of giving notice of such intended sale, was absolutely void as a matter of law. Moore v. Harris, 91 Mo. 616; Lagroue v. Rains, 48 Mo. 536; Bingham v. Birmingham, 103 Mo. 345; Spurlock v. Allen, 49 Mo. 178; Abbott v. Dolling, 49 Mo. 302; Yankee v. Thompson, 51 Mo. 234; Large v. Fisher, 49 Mo. 307.

BLAIR, C.—In a suit to quiet the title to the north half of section 23, township 29, range 5, west, in Shannon county, judgment went for defendant, and plaintiff appealed.

The parties agree that the sole question here is whether a collector's deed in evidence is valid.   If valid, the judgment is wrong; if invalid, as the circuit court held, the judgment is right and should be affirmed.

The deed in question is dated December 3, 1874, and recites that the taxes on the land above described

(and other lands) "remained due" the county and that "whereas, the collector . . . having on the seventh day of October, 1872, advertised said real estate for sale according to law to pay and satisfy said taxes and penalties; and, whereas, the said taxes and penalties due and unpaid on the 7th day of October, 1872, on which day judgment was rendered according to law by the county court of said county against said real estate for the taxes, interest and costs due thereon;. and whereas" the clerk issued his "precept" ordering the property sold, pursuant to which "precept" the collector on November 16, 1872, exposed to sale the tract described and sold the same to Thomas Reynolds on said day, "having previously given at least four weeks' public notice in the manner required by law of said sale of forfeited land," and there having been no redemption thereof within two years, Thomas Reynolds became, etc. Then follow the usual clauses of conveyance by the collector to Reynolds.

The recitations concerning the time of the judgment of the county court and the notice of sale are above set out in full.

The collector proceeded under the Act of March 30, 1872 (Laws 1872, p. 119). That act provided for a *special* term in July of each year for the enforcement of tax liens against realty but also provided that the collector might apply to a subsequent *regular* term *if from any good cause* he could not obtain judgment at the July *special* term. The collector's deed does not show that "any good cause" existed justifying the application made for judgment to the October term, 1872, nor is there anything anywhere in the record supplying that omission. In practically identical circumstances this court in Kinney v. Forsythe, 96 Mo. 414, held a collector's deed void. That decision is sound. Reference to it is made for the reasons upon which the ruling was founded and which induce a like conclusion here. Neither does the collector's deed in this case dis-

close that the requisite notice of the day of sale or of the intended application to the October term of the county court (Moore v. Harris, 91 Mo. l. c. 620-621) was given by him, and there is no other evidence such notices were given.

In these circumstances the judgment of the county court, if one was rendered, was and is void and the sale was ineffectual and the deed invalid.

The judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.